**NORTH ATLANTIC WESTBOUND FREIGHT ASSOCIATION et al., Petitioners,**

v.

**FEDERAL MARITIME COMMISSION and United States, Respondents,**

**American Export Isbrandtsen Lines, Inc., Intervenor.**

**No. 21912.**

United States Court of Appeals District of Columbia Circuit.

Argued May 13, 1968.

Decided May 16, 1968.

---

Mr. Ronald A. Capone, Washington, D. C., with whom Messrs. Stuart S. Dye and Robert Henri Binder, Washington, D. C., were on the application for petitioners.

Mr. H. B. Mutter, Asst. Sol., FMC, with whom Messrs. James L. Pimper, General Counsel and Robert N. Katz, Sol., FMC, were on the opposition for respondents.

Mr. Richard W. Kurrus, Washington, D. C., with whom Mr. James N. Jacobi, Washington, D. C., was on the opposition for intervenor.

Before BASTIAN, Senior Circuit Judge and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

This is an application for stay of a Federal Maritime Commission order accepting for filing certain "through intermodal container freight tariffs" submitted by Container Marine Lines (CML).[1] Petitioners are the North Atlantic Westbound Freight Association (except CML) (NAWFA) and its member lines (except CML), ocean carriers in the westbound trade between the United Kingdom and United States Atlantic ports.

The tariffs in question establish a single-factor rate for containerized freight from inland points in the United Kingdom to United States Atlantic ports; under the accompanying bill of lading, CML assumes complete liability for both land and water carriage. Rejecting NAWFA's protest that the CML tariffs were inconsistent with CML's obligations under the Conference agreement, the Commission held that the agreement applied only to port-to-port carriage and that CML's through service with through liability was a unique movement which fell outside the scope of the Conference agreement. Thus, the Commission found that CML proposed not merely a combination of an ocean movement and a land movement, but a distinct service. Nevertheless, in order to discharge its regulatory responsibilities, the Commission did require CML to break out the portion of its single-factor rate which constitutes its charge for ocean transportation.

 A movant for stay must demonstrate that the case presents more than a close question; it must make

---

1. CML is a division of intervenor American Export Isbrandtsen Lines, Inc., and a member of the North Atlantic Westbound Freight Association.

"a strong showing that it is likely to prevail on the merits of its appeal." Virginia Petroleum Jobbers Ass'n v. FPC, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958). Accordingly the question before us now is not to decide how the court would rule on the merits, but whether we can say we feel the result is so likely as to weigh palpably in the balance of interests.

Although petitioners make some contentions that are not without force, and may prevail on the merits when they are decided, we do not think the showing on the record before us is of such order of probability as to mandate the stay.

■■■ The question on the merits is not only how the agreement seems to read to the judges of this court, though that is inescapably involved. Construction of such an agreement involves a question of law but like other questions of law, e. g., interpretation of regulatory statutes, the agency's determination is entitled to weight on judicial reconsideration. Certainly where underlying issues of fact or policy are involved an agency's interpretation of agreements is due judicial respect and deference, cf. Great Northern Ry. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922). Specifically in regard to conference agreements, the Commission is to be given "reasonable leeway in delineating the scope" of these agreements, Swift & Co. v. FMC, 113 U.S. App.D.C. 117, 121, 306 F.2d 277, 281 (1962). In addition, the view on the merits taken by the Commission, presumptively guardian of the public interest, has some bearing on another issue for consideration on a stay application, as indicating the direction of the public interest.

■■■ The case on the merits may come to require consideration of the question whether the Commission acted properly in holding CML's service to be a different kind of transportation from that provided under the Conference agreement without the benefit of an evidentiary hearing to explore the service provided by Conference members and without explanation of the significance of the factors which make CML's service different. However, the record presently before us does not make clear enough to warrant a stay the necessity of a hearing or the insignificance of the differentiating factors.

To avoid any possible misunderstanding, we expressly note that our denial of stay is not to be taken as a forecast that petitioners will not prevail on the merits.

The Commission required CML to break out the ocean portion of its rates and found that the discrepancies between the Conference ocean rate and the water portion of CML's through rate were not "on their face so discriminatory or prejudicial as to be unlawful per se." We presume that this indicates that the portion of the through rate allocated to the land leg of CML's through movement is not so grossly understated as to show that the stated water portion borders on lack of bona fide, or the Commission would not have allowed the tariffs to become effective.[2]

Finally, as bearing on irreparable injury, we take into account that, as indicated by the Commission, the problems raised by this case may be susceptible of resolution by the parties among themselves. In that regard, intervenor represented to the court an oral argument that it would not use its authority under the Conference unanimity rule to block amendment of the Conference agreement to extend to its through service, although

2. The purpose of the Commission proceeding was solely to determine the acceptability of CML's tariffs for filing under 46 U.S.C. § 817(b) (1), (3), so the question of the reasonableness of rates was not directly in issue. Apparently the Commission recognized that some consideration, at least preliminary scanning, of the rate was requisite since it found that the discrepancies between the Conference rate and the water portion of CML's rate were not "so discriminatory or prejudicial as to be unlawful per se."

we recognize the terms of the amendment would require reasonable negotiation.

Since we believe that the question presented by this case is close, and we appreciate that the stakes are high, we will provide expedited consideration. Our denial of the stay is without prejudice to a renewal of the motion for stay in the briefs and at oral argument on the merits, or at an earlier time if the circumstances warrant.

So ordered.