404 F.2d 803
 NORTH ATLANTIC WESTBOUND FREIGHT ASSOCIATION et al., Petitioners,
v.
FEDERAL MARITIME COMMISSION and United States of America, Respondents,
American Export Isbrandtsen Lines, Inc., Intervenor.
 No. 21912.
 United States Court of Appeals District of Columbia Circuit.
 Argued July 11, 1968.
 Decided August 14, 1968.
 
 Mr. Ronald A. Capone, Washington, D. C., with whom Messrs. Robert Henri Binder and Stuart S. Dye, Washington, D. C., were on the brief, for petitioners.
 Mr. H. B. Mutter, Asst. Solicitor, Federal Maritime Commission, with whom Acting Asst. Atty. Gen., Baddia J. Rashid, Messrs. James L. Pimper, General Counsel, Robert N. Katz, Solicitor, Federal Maritime Commission, and Irwin A. Seibel, Atty., Department of Justice, were on the brief, for respondents.
 Mr. Richard W. Kurrus, Washington, D. C., with whom Mr. James N. Jacobi, Washington, D. C., was on the brief, for intervenor.
 Before BASTIAN, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a petition for review of Federal Maritime Commission orders accepting for filing certain "through inter-modal container freight tariffs" submitted by Container Marine Lines (CML).[1] Petitioner is the North Atlantic Westbound Frieght Association (NAWFA) — except for CML. This Conference consists of ocean carriers in the westbound trade between Great Britain and Eire and United States Atlantic ports. Respondent Commission moved in this court to remand the proceedings for reconsideration. Petitioner urged that such motion should be granted only if this court, pending Commission disposition of the proceedings, stayed the Commission order or enjoined CML from operating under the challenged tariff, and assured that the issues before the Commission in the reopened proceeding would include the issues before this court.
 
 
 2
 The challenged tariff incorporates a single-factor rate for containerized transport from inland points in Great Britain and Eire to United States Atlantic ports with CML assuming common carrier liability for both the land and water segments. The Commission held the NAWFA Conference agreement applicable only to port-to-port carriage and CML's through intermodal carriage with complete liability a unique and distinct service not contemplated by the Conference agreement. This service, since not within the agreement, would not have to conform to the comparable NAWFA tariff rate. The Commission did require CML to break out the port-to-port segment of the single-factor rate and found that any discrepancies between the Conference ocean rate and the equivalent portion of CML's through rate were not "on their face so discriminatory or prejudicial as to be unlawful per se."
 
 
 3
 The Commission thought a full evidentiary hearing unnecessary; rather, emphasizing the need for a prompt determination, it limited the proceedings to memoranda, affidavits, and oral argument. We are not required at this time to pass on the merits before us, including the procedural issue whether the Commission was required to hold an evidentiary hearing, for we think it is in the interest of justice to grant the Commission's application that we enter an appropriate order permitting the Commission to consider the matter further.[2] Therefore, petitioner's appeal will be stayed pending the reopened proceedings before the Commission.
 
 
 4
 In remanding we assume the Commission will analyze the problems which have given this court concern — not only the construction and interpretation of the NAWFA Conference agreement and the significance of the factors which it determined made CML's service unique and distinct, but also (assuming it adheres to the initial interpretation) the capacity of the Commission (a) to consider whether the over-water portion of CML's rate differs from the NAWFA rate, and whether the difference, if any, is unreasonable, and/or reflects lack of bona fides in CML's offering the single-factor rate while it continues as a member of the Conference, and (b) to provide effective relief in appropriate cases upon administrative consideration and informal investigation in the absence of formal hearing and order.[3]
 
 
 5
 The renewed motion for stay is denied, with leave to resubmit upon a proper showing if petitioner be so advised, for the reasons set forth in our opinion dated May 16, 1968.
 
 
 6
 So ordered.
 
 
 
 Notes:
 
 
 [1]
 CML is a member of the North Atlantic Westbound Freight Association and a division of Intervenor American Export Isbrandtsen Lines, Inc. On May 16, 1968, this court denied petitioner's motion for stay of the Commission's orders pending this court's review. 130 U.S.App.D.C. 122, 397 F.2d 683 (1968)
 
 
 [2]
 The Commission asserted in their application to this court that in the reopened proceeding it would consider, pursuant to §§ 14, 15, 16, 17, 18(b) and 22 of the Shipping Act of 1916, as amended —
 (1) Whether CML has engaged or will engage in any activities unlawful under the above sections;
 (2) Whether the arrangements of NAWFA and/or the North Atlantic United Kingdom Freight Conference (NAUK) and/or their operations thereunder have resulted or will result in unlawful activity under the above sections.
 (3) Whether the dual rate contracts and/or section 814 agreements of NAWFA and/or NAUK should be disapproved, cancelled, or modified or permission withdrawn pursuant to sections 14 and/or 15.
 
 
 [3]
 For the Commission's authority to insist on information necessary for its effective functioning, or to take apropriate action in the event of a presentation that fails to include such information, see Calcutta East Coast of India and East Pakistan/USA Conference v. FMC, 130 U.S. App.D.C. 261, 399 F.2d 994, July 25, 1968