259 F.2d 921
 VIRGINIA PETROLEUM JOBBERS ASSOCIATION, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
Blue Ridge Gas Company, Intervenor.
Petition for review of order of the Federal Power Commission, No. 14583.
VIRGINIA PETROLEUM JOBBERS ASSOCIATION, Appellant,
v.
FEDERAL POWER COMMISSION, Appellee.
Appeal from United States District Court for the District of Columbia.
 No. 14584.
 United States Court of Appeals District of Columbia Circuit.
 Argued July 23, 1958.
 Decided August 29, 1958.
 Motion for Reconsideration of Order Denied October 23, 1958.
 
 Messrs. Bryce Rea, Jr., Gordon Allison Phillips and Donald E. Cross, Washington, D. C., for petitioner in No. 14,583 and appellant in No. 14,584.
 Messrs. Willard W. Gatchell, General Counsel, Federal Power Commission, Howard E. Wahrenbrock, Solicitor, Federal Power Commission, and Robert L. Russell, Assistant General Counsel, Federal Power Commission, for respondent in No. 14,583 and appellee in No. 14,584.
 Mr. H. Douglas Weaver, Washington, D. C., for intervenor Blue Ridge Gas Co., in No. 14,583.
 Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us on petitioner's motion for a stay or injunction pending appeal, its motion for a limited consolidation, and respondent's cross motions to dismiss.
 
 
 2
 Petitioner Virginia Petroleum Jobbers Association (Jobbers) markets petroleum products in Virginia. In proceedings before the State Corporation Commission of Virginia, Jobbers intervened in opposition to petitions tendered by the Blue Ridge Gas Company (Blue Ridge), for certificates of public necessity and convenience that would authorize Blue Ridge to extend its intra-state natural gas distribution to retail consumers in three cities in Rockingham County. Following a hearing, in which Jobbers participated, the requested certificates were issued to Blue Ridge by the State Commission.
 
 
 3
 Blue Ridge also filed an application with the respondent Federal Power Commission for an order, pursuant to Section 7(a) of the Natural Gas Act, 15 U.S.C.A. § 717f(a), directing the Atlantic Seaboard Corporation (Atlantic) to establish physical connections with existing and proposed Blue Ridge facilities for distributing natural gas to the three cities in question. Atlantic is a natural gas company, certificated by the Federal Power Commission to transport and sell natural gas in interstate commerce. Both Atlantic and Jobbers filed timely petitions to intervene in the Power Commission proceedings on the Blue Ridge application, pursuant to Section 15(a) of the Natural Gas Act, 15 U.S.C.A. § 717n(a). The Commission granted the petition of Atlantic but denied that of Jobbers. In its order denying intervention, the Commission stated that the questions Jobbers sought to raise at the hearing on the Blue Ridge application "concern primarily matters pertaining to the local distribution of natural gas" and that this "question of local public interest has been resolved by the local authorities." A timely petition for rehearing was then filed by Jobbers, alleging that in view of the fact that its members competed in the fuel market not only with Blue Ridge, but also with Atlantic, it had a right to intervene in the Commission proceedings pursuant to this court's decision in National Coal Association v. Federal Power Commission, 1951, 89 U.S.App.D.C. 135, 191 F.2d 462. Stating that the grounds presented for rehearing were fully considered in its prior action denying intervention, the Commission denied rehearing and a stay of proceedings on July 17th. The hearing on the Blue Ridge application was scheduled to, and did, begin on July 21st, without participation by Jobbers, and we are advised by the Commission that the hearing concluded on July 23rd.
 
 
 4
 On July 19th Jobbers filed a complaint in the District Court seeking a mandatory injunction to compel the Power Commission to permit Jobbers to intervene in the Blue Ridge proceedings. Concurrently Jobbers sought a temporary restraining order, staying the hearing scheduled for July 21st until such time as the court could rule on the merits of the complaint. On July 22d the District Court denied the temporary restraining order, finding that as Jobbers sought to intervene in a Commission proceeding it was a "party to a proceeding" and it was thus afforded adequate opportunity for judicial review in an appropriate court of appeals under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b). Jobbers thereupon immediately filed in this court a petition for an injunction pending appeal, pursuant to the All Writs provision of the Judicial Code, 28 U.S.C. § 1651(a), praying for the same relief sought below in the motion for a temporary restraining order. This petition bears our docket number 14584.
 
 
 5
 On July 21st Jobbers also filed in this court, pursuant to Section 19(b) of the Act, 15 U.S.C.A. § 717r(b), a petition to review the orders of the Commission denying its petitions for intervention and rehearing. The petition was accompanied by concurrent motions for a stay pending review and for consolidation of the stay motion and the petition for an injunction for the limited purposes of a single oral argument. These papers bear our docket number 14583. Following oral argument, the Commission filed its cross motions to dismiss petitioner's motions for an injunction or stay.
 
 
 6
 For the sake of convenience we decided to hear argument on the petition for an injunction and the motion for a stay at the same time. The motion for consolidation for limited purpose of oral argument was, therefore, granted.
 
 
 7
 At the time of oral argument, counsel for the Commission agreed with the opinion of the District Court that Jobbers' remedy in this case lies in Section 19(b) of the Natural Gas Act, and that if Jobbers has a right to intervene in the Blue Ridge proceedings it likewise has a right to judicial review in this court of the order denying intervention. We also agree with this longstanding interpretation of the Natural Gas Act. Memphis Light, Gas & Water Division v. Federal Power Commission, 1957, 100 U.S.App.D.C. 205, 243 F.2d 628; City of Pittsburgh v. Federal Power Commission, 1956, 99 U.S.App.D.C. 113, 237 F.2d 741; National Coal Association v. Federal Power Commission, 1951, 89 U.S.App.D.C. 135, 191 F.2d 462; Alston Coal Co v. Federal Power Commission, 10 Cir., 1943, 137 F.2d 740. As Jobbers has an adequate remedy within the four corners of the Act, its petition for an extraordinary writ of injunction is dismissed. Easton Publishing Co. v. Federal Communications Commission, 1950, 87 U.S.App.D.C. 344, 185 F.2d 987.
 
 
 8
 We turn next to Jobbers motion for a stay of further proceedings pending completion of our review of the Commission's orders denying intervention or rehearing. At the outset we must consider the Commission's contention that the Judicial review provisions of the Natural Gas Act, §§ 19(b, c), 15 U.S.C.A. §§ 717r(b, c), do not permit us to issue the stay requested. The Commission has conceded that the court has jurisdiction (a) to review its order denying intervention and (b) by specific order to stay pendente lite the proceedings in which intervention was sought. But, it claims, now that the hearing on the Blue Ridge application has been concluded, any stay issued by the court would go beyond the order denying intervention which Jobbers are seeking to have reviewed. As the court's power is limited to the jurisdiction conferred by the Act, the Commission claims we cannot stay any further proceedings.
 
 
 9
 We find no merit in this contention. As the Supreme Court has pointed out
 
 
 10
 "* * * Congress would not, without clearly expressing such a purpose, deprive the Court of Appeals of its customary power to stay orders under review."
 
 
 11
 Scripps-Howard Radio, Inc. v. Federal Communications Commission, 1942, 316 U.S. 4, 11, 62 S.Ct. 875, 880, 86 L.Ed. 1229. Parties aggrieved by administrative agency orders act as representatives of the public interest in seeking judicial review. As it is principally the protection of the public interest with which we are here concerned, no artificial restrictions of the court's power to grant equitable relief in the furtherance of that interest can be acknowledged. Scripps-Howard Radio, Inc. v. Federal Communications Commission, supra; cf. Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834.
 
 
 12
 In any event, it appears to us that the intervention denied Jobbers extends beyond the hearings now concluded. Its present exclusion from the Commission's processes precludes Jobbers from excepting to the Hearing Examiner's recommendations, 18 C.F.R. § 1.31(a), participating in oral argument before the full Commission, 18 C.F.R. §§ 1.31(d)-(e), or applying to the Commission for a rehearing of any further orders the Commission may enter in the case. Section 19(a) of the Act, 15 U.S.C.A. § 717r(a), 18 C.F.R. § 1.30(d). Proceedings remain, which, if the court found it necessary so to act, we could stay on the basis of our jurisdiction to consider the petition for review before us. Accordingly, respondent's motion to dismiss petitioner's motion for a stay is denied.
 
 
 13
 We come, then, to a consideration of whether petitioner has shown sufficient grounds warranting the exercise of the court's powers to grant the extraordinary relief requested. Essentially, four factors influence our decision: (1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal? Without such a substantial indication of probable success, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review. (2) Has the petitioner shown that without such relief, it will be irreparably injured? The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. But injury held insufficient to justify a stay in one case may well be sufficient to justify it in another, where the applicant has demonstrated a higher probability of success on the merits. (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? On this side of the coin, we must determine whether, despite showings of probable success and irreparable injury on the part of petitioner, the issuance of a stay would have a serious adverse effect on other interested persons. Relief saving one claimant from irreparable injury, at the expense of similar harm caused another, might not qualify as the equitable judgment that a stay represents. (4) Where lies the public interest? In litigation involving the administration of regulatory statutes designed to promote the public interest, this factor necessarily becomes crucial. The interests of private litigants must give way to the realization of public purposes. The public interest may, of course, have many faces — favoring at once both the rapid expansion of utilities and the prevention of wasteful and repetitive proceedings at the taxpayers' or consumers' expense; both fostering competition and preserving the economic viability of existing public services; both expediting administrative or judicial action and preserving orderly procedure. We must determine, these many facets considered, how the court's action serves the public best.
 
 
 14
 We turn now to the petition before us. Two questions face us in petitioner's claim of probable success on the merits of its appeal. The first: Is denial of intervention an order petitioner may have reviewed at this time, or must petitioner await a Commission decision finally disposing of the proceedings before it? The second: Assuming we may review the Commission's order at this time, was denial of intervention erroneous? When squarely presented, the first question was expressly reserved for appropriate decision by the court. See Elm City Broadcasting Co. v. Federal Communications Commission, 1956, 98 U.S.App.D.C. 314, 316, 235 F.2d 811, 813. Without prejudice to a contrary showing at the time the court hears this case on the merits, the weight of authority suggests that if petitioner has a right to intervene in the proceedings before the Commission, denial of that right is an immediately appealable order. Memphis Light, Gas & Water Division v. Federal Power Commission, 1957, 100 U.S.App.D.C. 205, 243 F.2d 628; Alston Coal Co. v. Federal Power Commission, 10 Cir., 1943, 137 F.2d 740. And see Sutphen Estates v. United States, 1951, 342 U.S. 19, 20, 72 S.Ct. 14, 96 L.Ed. 19; Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad, 1947, 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646, concerning denials of claimed interventions as of right under Rule 24(a), Fed. R.Civ.P., 28 U.S.C.
 
 
 15
 Thus the answer to the first question depends upon the answer to the second. Petitioner is properly in court at this time if it had a right to intervene; and if it had a right to intervene, denial of that right by the Commission was erroneous. Again, without prejudice to a later contrary showing by respondent, on the basis of the present record we believe that petitioner has shown it has a right to intervene in the Blue Ridge proceedings. Should the Commission approve the Blue Ridge application, the product of petitioner's members will be in competition with natural gas introduced into a new market through interstate commerce. They will be directly competing for fuel revenues with both Blue Ridge and Atlantic, and thus would seem to have an undoubted right to intervene under the principles elaborated in City of Pittsburgh v. Federal Power Commission, 1956, 99 U.S.App.D.C. 113, 237 F.2d 741, and National Coal Association v. Federal Power Commission, 1951, 89 U.S.App.D.C. 135, 191 F.2d 462. The Commission's argument, that amended Section 1(c) of the Act, 15 U.S.C.A. § 717(c), provides authority for denying intervention is inconclusive. The legislative history of the amendment is clear that its purpose was to overcome the Supreme Court's decision in Federal Power Commission v. East Ohio Gas Co., 1950, 338 U.S. 464, 70 S.Ct. 266, 94 L.Ed. 268. See S.Rept. 817, 83d Cong., 2d Sess. (1954). Granting that the amendment effectively exempted Blue Ridge from certification by the Commission with respect to its intrastate consumer extensions, we see nothing in that provision or its history that permits the Commission to exclude Jobbers in the proceedings now before that body. The amendment does not concern itself with intervention rights. And from the record before us we see that petitioner alleges it competes with Atlantic — the interstate pipeline — that is undoubtedly under the Commission's, and not the state's, aegis. So considered, petitioner's role before the Commission in developing the national public interest aspects of the introduction of interstate natural gas to a new market seems clear. We conclude petitioner has shown a probability of success on the merits of its appeal.
 
 
 16
 Nevertheless, we have determined that petitioner's inadequate showing on the remaining previously enumerated considerations prevents us from granting the stay it has requested. First, petitioner has not indicated any way in which we can consider it irreparably harmed in the absence of a stay. Its bare claims that if the court were ultimately to reverse and remand the case to the Commission, the latter would not provide Jobbers with an adequate hearing, or permit it to develop the record successfully, can be given no credence. As the Supreme Court has stated, "there is no more reason for assuming that a Commission will disregard the direction of a reviewing court than that a lower court will do so." Federal Power Commission v. Pacific Power & Light Co., 1939, 307 U.S. 156, 160, 59 S.Ct. 766, 768, 83 L.Ed. 1180. And as we have pointed out ourselves in a similar context,
 
 
 17
 "We decline to assume the Commission will afford [petitioner] an opportunity which is less than effective, or that if the facts are established the Commission will fail to find accordingly, or that if the facts are found the Commission will inaccurately apply the law to them."
 
 
 18
 Delta Air Lines v. Civil Aeronautics Board, 1955, 97 U.S.App.D.C. 46, 48, 228 F.2d 17, 19. Should the court ultimately find petitioner had a right to intervene, we must presume that, if we so direct, the Commission will begin a de novo, good faith consideration of the Blue Ridge application, in which petitioner's rights may be freely exercised.
 
 
 19
 The question of harm to others if a stay were granted is not really before us. Except insofar as it may reflect on the public interest in saving taxpayers and consumers needless expense, we do not think petitioner has standing to complain of potential losses or inconvenience to the other parties in this case, should the proceedings before the Commission have to be repeated on court order. The gas companies must be aware that they are now proceeding at their own risk, and without a claim for relief from them, it is neither the petitioner's nor the court's place to protect them from hypothetical, self-inflicted losses.
 
 
 20
 We come then to the public interest considerations, which we have indicated are crucial in this type of case. We note that Congress has charged the Commission with administering the Natural Gas Act in the public interest. In so doing, the Commission may find that a grant of the Blue Ridge application would not be in the public interest, thus mooting the case from petitioner's point of view. On the other hand, the Commission may well conclude that prompt expansion of natural gas distribution to the area Blue Ridge proposes to serve would be in the public interest. We must hesitate before we say what the Commission may find necessary and convenient, and we must be, and are, reluctant to interfere with administrative proceedings. Lastly, we note that the Commission has now completed the hearings, participation in which was at the heart of petitioner's claim for relief. A stay at this juncture would not, therefore, expedite resolution of the issues on which this appeal turns. It would not further the public interest in orderly procedure or the petitioner's cause. It is within petitioner's power to accelerate court consideration of its petition for review. In the circumstances of this case we consider this an adequate remedy, and conclude that the stay petitioner requests must be denied.
 
 
 21
 At the same time, and for the reasons indicated above, the Commission's motions to dismiss as moot and beyond the court's jurisdiction, are denied.