261 F.2d 830
 EASTERN AIR LINES, Inc., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent.
NATIONAL AIRLINES, Inc., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent.
 Docket 25422.
 Docket 25439.
 United States Court of Appeals Second Circuit.
 Argued December 2, 1958.
 Decided December 4, 1958.
 
 Harold L. Russell, Atlanta, Ga., for Eastern Air Lines, Inc.
 Richard A. Fitzgerald, Washington, D. C., for National Airlines, Inc.
 O. D. Ozment, Washington, D. C., for Civil Aeronautics Board.
 R. S. Maurer, Atlanta, Ga., for Delta Air Lines, Inc.
 C. Frank Reavis, New York City, for Northwest Airlines, Inc.
 Macon M. Arthur, Washington, D. C., for Capital Airlines, Inc.,
 Before SWAN, MEDINA and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioners have filed petitions for review of the Board's order of October 2, 1958. That order granted amended certificates of public convenience and necessity which were to become effective on November 29, 1958, but were stayed by the Board through December 6, 1958, so that this court might in the meantime hear and dispose of the petitions for stay presented to it. The granting of the requested stay is opposed by the Board and by the intervening airlines, Northwest, Delta, and Capital.
 
 
 2
 Section 1006(d) of the Civil Aeronautics Act, 49 U.S.C.A. § 646(d), authorizes the court to grant a stay "upon good cause shown." The petitioners also rely upon Section 10(d) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(d).
 
 
 3
 The Court of Appeals for the District of Columbia has recently held in Virginia Petroleum Jobbers Association v. Federal Power Commission, D.C.Cir., 259 F.2d 921, that stay of an order of an administrative agency may be granted when the following conditions are met:
 
 
 4
 (a) Where the petitioner is likely to prevail on the merits of its appeal;
 
 
 5
 (b) Where the petitioner has shown that without a stay it will suffer irreparable injury;
 
 
 6
 (c) Where there is no substantial harm to other interested persons; and
 
 
 7
 (d) Where the public interest will not be harmed.
 
 
 8
 See also Air Line Pilots Ass'n, International v. Civil Aeronautics Board, 2 Cir., 215 F.2d 122, 125; Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834.
 
 
 9
 In the interest of expedition it is impossible in the time available before expiration of the Board's stay to review this complex litigation and state in detail our reasons for denying the stay. It will suffice to say that we are not persuaded that the requisite conditions for granting the stay are shown to have been met, particularly those listed above as (c) and (d).
 
 
 10
 Stay denied.