**AIRPORT COMMISSION OF FORSYTH COUNTY, NORTH CAROLINA; Board of Commissioners, Forsyth County, North Carolina, and Winston-Salem Chamber of Commerce, Incorporated, Petitioners,**

v.

**CIVIL AERONAUTICS BOARD, Respondent.**

**No. 8484.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 24, 1961.

Decided Oct. 25, 1961.

I. Martin Leavitt, Washington, D. C., and H. Gardner Hudson, Winston-Salem, N. C. (Richard P. Taylor, Steptoe & Johnson, Washington, D. C., and Hudson, Ferrell, Petree, Stockton & Stockton, Winston-Salem, N. C., on brief), for petitioners.

Arthur R. Schor, Attorney, Litigation and Research, Civil Aeronautics Board, Washington, D. C. (Richard A. Solomon, Attorney, Department of Justice, and John H. Wanner, General Counsel, Civil Aeronautics Board, Washington, D. C., on brief), for respondent.

James H. Bratton, Jr., Atlanta, Ga. (E. Smythe Gambrell, Harold L. Russell, and Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., on brief), for Eastern Air Lines, Inc.

Macon M. Arthur, Washington, D. C. (H. Templeton Brown, and Mayer Friedlich, Spiess, Tierney, Brown & Platt,

Chicago, Ill., on brief), for United Air Lines, Inc.

Albert F. Beitel, Washington, D. C. (Morris, Pearce, Gardner & Pratt, Washington, D. C., on brief), for Greensboro-High Point Airport Authority.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

PER CURIAM.

This matter is before us upon a motion of the Airport Commission of Forsyth County, the Board of Commissioners of Forsyth County, and the Winston-Salem Chamber of Commerce, hereafter referred to as Winston-Salem, seeking a stay of Civil Aeronautics Board Order E-17359 amending Certificates of Convenience theretofore issued by the Board to Eastern Air Lines, Inc., and United Air Lines, Inc. The order in effect provides that the two airlines shall furnish trunk line service to the Winston-Salem area through the Greensboro-High Point Airport exclusively. We note that the order of the Board, handed down on August 24th, provided that the transfer of all trunk line air service from Winston-Salem's Smith Reynolds Airport to Friendship Airport became effective on October 23rd. We understand that it is customary for such orders to take effect sixty days after the decision.

On September 14th the petitioners sought reconsideration and a sixty day stay of the effective date of the order. Without hearing, the Board issued its order on October 18th refusing reconsideration of the case and extending the stay from October 23rd to October 29th at the request of Eastern Air Lines, Inc. Pursuant to the Board's original decision both Eastern and United, being bound by the original order, have proceeded to implement the Board's order by rescheduling flights, crew assignments, personnel and equipment transfers, preparing, printing, and publishing schedules to effectuate the change as of the date of October 29th. These arrangements could not as a practical matter be undone between now and the effective date without substantial expense to the airlines and considerable confusion to the traveling public.

Petitioner informs us that it is in the process of taking an appeal to this Court from the decision of the Civil Aeronautics Board. All parties are substantially agreed that the exercise of the Court's extraordinary powers requested by this motion rests upon the answers to the following questions:

(1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal?

(2) Has the petitioner shown that without such relief it will be irreparably injured?

(3) Would the issuance of a stay substantially harm other parties interested in the proceeding?

(4) Where lies the public interest?

Virginia Petroleum Job Association v. Federal Power Commission, 104 U.S. App.D.C. 106, 259 F.2d 921. (D.C.Cir., 1958).

We have studied the material submitted to us, including the opinion of the Examiner, the decision of the Board, and the affidavits, briefs, and oral arguments offered by all parties, and have reached the conclusion that the stay should not be granted. The practical impossibility of undoing the preparations already made within the short time before the date prescribed and announced for the rescheduling has weighed heavily in our determination in respect to questions (3) and (4) above, even though we strongly sympathize with the petitioner's feeling that it has been faced with a fait accompli by the Board, and the several intervenors who admittedly stand to profit by the change.

The intervenor Eastern Air Lines, Inc., has indicated its willingness to compensate the petitioner for any direct loss which the Airport Commission may suffer if this motion is denied and the Courts should subsequently reverse the Board's order. We, therefore, make it a condition of issuing this Order denying the stay that the intervenor airlines on

or before Friday, October 27th, execute bond in the amount of $100,000 to the owners of the Smith Reynolds Airport conditioned upon their reimbursing them for the loss of landing fees, space rentals, and other items for the period between October 29th and the final action of the Courts should they ultimately declare the Order complained of invalid.

Motion denied upon execution of bond as herein provided.