**AMERICAN BRANDS, INC., Plaintiff,**

v.

**NATIONAL ASSOCIATION OF BROAD-CASTERS et al., Defendants.**

Civ. A. No. 3517–69.

United States District Court
District of Columbia.
Dec. 30, 1969.

Abe Krash, John D. Hawke, Jr., Melvin Spaeth, Jerome I. Chapman, Norton E. Tennille, Jr., Arnold & Porter, Washington, D. C., Cyril F. Hetsko, Arnold Henson and Daniel J. O'Neill, Chadbourne, Parke, Whiteside & Wolff, Eugene R. Anderson, New York City, of counsel, for plaintiff.

Lee Loevinger, Hogan & Hartson, Paul Comstock and John Summers, Washington, D. C., for defendant, National Ass'n of Broadcasters.

J. Roger Wollenberg, Timothy B. Dyk, Daniel I. Davidson, Raymond C. Clevenger, III, Sally Katzen, Wilmer, Cutler & Pickering, Washington, D. C., Robert V. Evans, New York City, for defendant, Columbia Broadcasting System, Inc.

Mathias E. Mone, Donald J. Mulvihill, Cahill, Gordon, Sonnett, Reindel & Ohl, Howard Monderer, Washington, D. C., Corydon B. Dunham, New York City, for defendant, National Broadcasting Company, Inc.

Herbert A. Bergson, Howard Adler, Jr., Lionel Kestenbaum, Bergson, Borkland, Margolis & Adler, Washington, D. C., Everett H. Erlick, New York City, for defendant, American Broadcasting Companies, Inc.

Thomas A. Flannery, U. S. Atty., Joseph M. Hannon and Nathan Dodell, Asst. U. S. Attys., Harold D. Rhynedance, Jr., and Alvin L. Berman, Attorneys, Federal Trade Comm., Washington, D. C., John V. Buffington, General Counsel and J. B. Truly, Asst. Gen. Counsel, Federal Trade Commission, Washington, D. C., of counsel, for defendants, Federal Trade Commission, Paul Rand Dixon, Philip Elman, Mary Gardner Jones and A. Everette MacIntyre.

## MEMORANDUM

MATTHEWS, Senior District Judge.

The matter before the Court is plaintiff's motion for a preliminary injunction. In ruling on it the Court takes into consideration the record, the points and authorities in support of and in opposition to the motion, the exhibits, the affidavits, the depositions and the argument of counsel.

1. Cigarette Advertising is the subject of this litigation.

2. The plaintiff, American Brands, Inc., formerly known as the American Tobacco Company, is a leading manufacturer of cigarettes.

3. The defendants are the National Association of Broadcasters, the Columbia Broadcasting System, Inc., the National Broadcasting Company, Inc., the American Broadcasting Companies, Inc., the Federal Trade Commission and the members of that Commission.

4. One of the defendants—the National Association of Broadcasters—is a private trade association established for the purpose of serving the common needs of the broadcasting industry. Its functions include the maintenance of an entity entitled the Code Authority. The Code Authority was established in 1952, and today administers separate radio and television codes of programming and advertising standards. It attempts to establish standards pertaining to false and deceptive advertising and good taste in advertising content.

5. The three corporate defendants, Columbia Broadcasting System, Inc., National Broadcasting Company, Inc., and American Broadcasting Companies, Inc., are nationwide television networks which supply programming and advertisements to their owned and affiliated stations. They are among the subscribers to the mentioned Code authority as are approximately 65% of the television stations in the United States.

6. On September 29, 1969 the Federal Trade Commission issued a complaint charging plaintiff with false, deceptive and misleading advertising as to the tar content of certain of its cigarettes, and asserting that plaintiff's acts and practices in regard thereto were and are to the prejudice and injury of the public and of plaintiff's competitors, and constituted and now constitute unfair methods of competition and unfair and deceptive acts and practices in commerce in violation of Section 5 of the Federal Trade Commission Act. Plaintiff has filed an answer to the Commission's complaint denying that any of its advertising of its cigarettes is false or deceptive.

7. There is attached to the mentioned complaint of the Federal Trade Commission against plaintiff a proposed order which would proscribe plaintiff from representing that the tar content of its cigarettes or the smoke produced

by them is low or lower unless the following disclosures are also made: (1) the tar content in the smoke of the advertised cigarette, (2) the brand name and tar content in the smoke of any cigarette with which a tar content comparison is made, and (3) the tar content in the smoke of the highest and lowest yield domestic cigarettes.

8. The Federal Trade Commission proceedings have not terminated.

9. On September 2, 1969 the Director of the Code Authority of the National Association of Broadcasters sent a letter to the Federal Trade Commission making inquiry, among other things, as to whether the Commission had formulated any policy regarding the use of qualifying words such as "low", "lower" and "reduced" in describing the tar and nicotine content of a cigarette in advertising copy, and advising the Commission that the Code Authority would value any guidance the Commission could offer on these points. This was before the filing by the Commission of its mentioned complaint against plaintiff.

10. By letter of October 8, 1969, the Commission responded to the Code Authority. It pointed out that the use of such adjectives as "low" and "less" when describing tar and nicotine content are imprecise and that their use, absent a full and fair disclosure of the basis of comparison, could lead to untrue conclusions by the members of the public as to the comparative tar and nicotine content of the advertised brand of cigarettes. It was also pointed out by the Commission that the degree of imprecision so created would vary according to the actual tar and nicotine content of the cigarettes advertised, but that such imprecision can almost always be avoided if the representation is accompanied by clear and conspicuous disclosure of (1) the tar and nicotine content in milligrams of the smoke produced by the advertised cigarette; (2) the tar and nicotine content in milligrams of the lowest and highest yield domestic cigarettes; and (3) if the tar and nicotine content of the advertised cigarette is compared to any other specific cigarette, the brand name and tar and nicotine content in milligrams of the smoke produced by such other cigarette.

11. On October 9, 1969, in view of the substantial public interest in the subject matter, the Commission publicly released its exchange of correspondence with the National Association of Broadcasters.

12. The Director of the Code Authority of the National Association of Broadcasters on October 13, 1969 wrote to plaintiff's attorney regarding the Federal Trade Commission's position on tar and nicotine references in cigarette advertisements. Thereafter said Director on November 22, 1969 wrote to the General Counsels of plaintiff and other cigarette manufacturers to inform them of a decision of the Code Authority to adopt the Federal Trade Commission policy relating to broadcast cigarette advertising on code subscriber radio and television stations, and that the policy should be implemented as soon as possible but no later than January 1, 1970. At the same time—November 22, 1969 —plaintiff was invited to raise with the Code Authority any questions it might have about the new policy but plaintiff did not respond to this invitation. The new guidelines and their effective date were printed in the October issue of the Code News.

13. On December 11, 1969 plaintiff instituted this law suit. Plaintiff complains of the amendment by the National Association of Broadcasters of its cigarette advertising guidelines, effective January 1, 1970, to adopt the Federal Trade Commission's policy on low tar and nicotine claims. Plaintiff was informed by the defendant networks that they would not continue after January 1, 1970, to accept the advertising for plaintiff's Pall Mall Gold and Silva Thins unless plaintiff revised it to comply with the cigarette advertising guidelines effective January 1, 1970.

14. It is plaintiff's contention that the decision to exclude after January 1, 1970 its cigarette advertising which had

been approved prior to the amendment of the above-described guidelines constitutes a concert of action or combination and conspiracy by the defendants in unreasonable restraint of interstate trade and commerce in violation of the antitrust laws, 15 U.S.C. § 1 et seq.[1]

15. On the other hand, the defendants deny any antitrust violation. They maintain that the antitrust laws do not prevent industry self regulation by a code to foster high standards, to mitigate evils in trade, and to promote competition upon a fair and sound basis where the code activities meet the test of reasonableness.[2] They assert that the cigarette advertising standards established by the Code of the National Association of Broadcasters and subscribed to by the defendant networks are reasonable, proper and lawful self regulation.

16. Necessarily the resolution of the foregoing conflicting contentions must await the trial of the instant case on its merits. However, the statement heretofore made of their nature indicates the setting in which plaintiff has moved for a preliminary injunction.

17. The Court now turns to a consideration of whether plaintiff has shown sufficient grounds warranting the exercise of the Court's power to grant the extraordinary relief requested in its motion.

18. Under the prevailing criteria in respect of injunctive relief the Court must consider whether plaintiff is likely to prevail on the merits. The Court is of the view that the plaintiff has not given a substantial indication of probable success.

19. To obtain the extraordinary relief of a preliminary injunction, the plaintiff must show that without such relief it is in danger of immediate irreparable loss or damage. And as the Court of Appeals for this Circuit has said "the key word in this consideration is *irreparable.*" Virginia Petroleum Job. Ass'n v. Federal Power Comm'n, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958). The loss and damage claims envisioned by plaintiff (should it modify its cigarette advertising copy to conform to the new guidelines) are grounded upon conjecture and speculation. In other words, plaintiff has not made the requisite showing. Certainly there is nothing before the Court to indicate that if loss and damage are sustained they would be irreparable. On the contrary, such loss and damage would be compensable in money.

20. For some time now studies have been made concerning the hazards of cigarette smoking. In 1964 an Advisory Committee to the Surgeon General of the Public Health Service made a report on smoking and health and concluded that "cigarette smoking is a health hazard of sufficient importance to warrant appropriate remedial action." Evidence of a persuasive character points to a causal relationship between cigarette smoking and lung cancer. Various government agencies have manifested a growing concern over the danger cigarettes pose to health. There is a substantial, if not compelling, public interest in having a meaningful, full, specific and adequate disclosure of the relevant facts in cigarette advertising which contains any claims relating to tar or nicotine content of the cigarettes advertised.

21. The standards and guidelines established and promulgated by the National Association of Broadcasters Code Authority and corporate defendants herein and as amended to become effective January 1, 1970, serve this public interest. Enjoining or preventing the effectuation and implementation of these standards and guidelines, and the amendments thereto which are to become effective January 1, 1970, would be contrary to the public interest.

---

1. Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963).

2. Chicago Board of Trade v. United States, 246 U.S. 231, 38 S.Ct. 242, 62 L.Ed. 683 (1918). Mr. Justice Brandeis delivered the opinion of the court.

22. The plaintiff's motion for a preliminary injunction does not seek to enjoin the Federal Trade Commission or the members of the Commission.

23. The plaintiff is not entitled to a preliminary injunction.

24. The motion of the plaintiff for a preliminary injunction will be denied.

25. This memorandum is to constitute the findings of fact and conclusions of law of the Court.