**ATLAS MACHINE AND IRON WORKS, INC., Plaintiff,**

v.

**SECRETARY OF the AIR FORCE, Defendant.**

**Civ. A. No. 77–0318.**

United States District Court, District of Columbia.

March 8, 1977.

James Brent Clarke, Jr., Washington, D.C., Neil J. Dilloff, Piper & Marbury, Baltimore, Md., John A. Whitney, Washington D.C., for plaintiff.

Sarah Wilcox, Sp. Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM ORDER

BRYANT, District Judge.

In this action Atlas Machine and Iron Works, Inc. seeks to enjoin the Secretary of

the Air Force from permitting Danish Artic Contractors to perform a contract calling for relocation of the DEW Line radar site designated as DYE–3 in Greenland and further to enjoin the Secretary from awarding the contract to any firm other than Atlas. Atlas claims that its bid was the lowest responsive and responsible one received by the Air Force in connection with this contract and that it therefore was entitled to be awarded the contract pursuant to 10 U.S.C. § 2305(c) and section 2–407.1 of the Armed Services Procurement Regulations. The Secretary, on the other hand, claims that Atlas's bid was nonresponsive since it failed to specify—as the bid invitation requires—the guaranteed maximum weights and dimensions of items to be shipped by air and by sea. According to the Secretary, Atlas's failure to distinguish items to be airlifted from those to be shipped left the contracting officer unable to determine with any degree of certainty Atlas's transportation costs. And, since the contract was to be awarded to the firm submitting the lowest total bid price—including basic lump sum bid price and transportation costs, the contracting officer therefore acted properly in choosing to reject Atlas's bid. The matter is now before the Court on Atlas's motion to enjoin the Secretary from issuing a notice to proceed to Danish Artic Contractors until the Comptroller General has acted on the protest Atlas has filed with the General Accounting Office (GAO). The Court has considered papers filed by both sides and has held oral argument, the latter supplemented by extensive testimony by the contracting officer who rejected Atlas's bid, and has determined that Atlas's motion must be denied.

Atlas complains that the contracting officer made no attempt to compute Atlas's transportation costs, and seeks to demonstrate that, in this case, the officer would have had no difficulty in making such a computation with reasonable certainty. Atlas's essential contention is that a contracting officer may have an affirmative obligation to remedy a bidder's omissions by calculating, in effect, the bidder's "worst possible realistic total cost." In the event that the bidder would have prevailed on the basis of such a calculation, Atlas suggests that the bidder is entitled to the award. In support of this proposition Atlas has brought to the Court's attention a number of decisions by the GAO.

■ Ultimately, a court reviewing the award of the contract to the Danish firm would be constrained by *M. Steinthal & Co. v. Seamans*, 147 U.S.App.D.C. 221, 455 F.2d 1289 (1971) to ask whether the contracting officer's decision not to undertake the calculations pressed by Atlas was clearly illegal or without any rational basis. *See also John Reiner & Co. v. United States*, 325 F.2d 438, 163 Ct.Cl. 381 (1963), *cert. denied*, 377 U.S. 931, 84 S.Ct. 1332, 12 L.Ed.2d 295 (1964). In making that determination the court would look to the statutes and regulations governing the procurement process, which are cited above, and to the GAO's decisions as well, since the doctrine of primary jurisdiction applies here and requires that those decisions be given considerable weight. *Steinthal, supra*, 455 F.2d at 1301–1305; *Wheelabrator Corp. v. Chafee*, 147 U.S.App.D.C. 238, 455 F.2d 1306 (1971).

■ Here, issuance of a preliminary injunction is governed by the familiar standards set forth in *Virginia Petroleum Jobbers Association v. FPC*, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). The Court has concluded that Atlas is unable to satisfy at least two of the requisite criteria.

First, the Court finds Atlas unable to make a strong showing that it is likely to prevail on the merits. None of the GAO's decisions cited by Atlas appears to go so far as to require a contracting officer to substitute his own judgments with respect to a realistic air-sea transportation mix for those of the bidder. To be sure, Atlas may well be correct in contending that—in this case—the contracting officer could have approximated Atlas's intended air-sea mix with reasonable certainty. But the Court is not persuaded that the GAO is likely to adopt a general rule requiring contracting officers to make such calculations. And the Court is not disposed itself to adopt the rule

urged by Atlas without the benefit of a prior determination by the GAO, which has expertise in these matters, that the rule is compatible with the competitive bidding system.

Second, the Court finds that Atlas cannot demonstrate that its interests coincide with those of the public. Obviously the public has an interest in the awarding of these contracts to the lowest responsive and responsible bidder. But the public has just as strong, if not stronger, an interest in preserving the objective fairness of the competitive bidding system, and that interest might well be jeopardized by a rule allowing, or compelling, contracting officers to simulate a bidder's thought processes and to award the contract accordingly. Moreover, the public has a strong interest in expeditious completion of the relocation of the radar site in Greenland, and the project would have to be delayed and possibly put off until 1978 if the Court were to grant to Atlas the relief it seeks in this case.

For these reasons, the Court finds that it should not interfere with the procurement process in the manner Atlas suggests. Accordingly, Atlas's motion for a preliminary injunction must be denied.

SO ORDERED.