LUGGAGE AND LEATHER GOODS MANUFACTURERS OF AMERICA, INC., AND INTERNATIONAL LEATHER GOODS, PLASTICS AND NOVELTY WORKERS' UNION, AFL–CIO, PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 83-6-00943

Before BERNARD NEWMAN, *Senior Judge.*

(Dated June 7, 1984)

*Miller & Chevalier, Chartered* (*Donald Harrison* and *Kenneth B. Reisenfeld, Esqs.,* of counsel) for plaintiffs.

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch and *Velta A. Melnbrencis, Esq.* for defendants.

BERNARD NEWMAN, *Senior Judge:* Defendants have moved pursuant to Rule 62 of the Rules of the Court of International Trade for a partial stay of that portion of the Court's judgment of May 11,

---

[5] One comment in the House Report is arguably inconsistent with this interpretation. The report states "[t]his guarantee to our trading partners is also a guarantee to the consumer that foreign sources of supply will be maintained in good years and in bad." House Report at 10. Consumers are not absolutely assured of a specific level of imports if voluntary restraint agreements are negotiated below the access floor. But this "guarantee" could also be read as only a limited assurance that the United States will not unilaterally hold imports below the minimum access floor. Obviously, consumers can never be certain that our trading partners will seek to export any specific quantity of meat to the United States.

1984 directing defendants to "forthwith remove from the list of eligible articles under the GSP [Generalized System of Preferences] man-made fiber flat goods (flat goods, of textile materials except cotton, covered by item 706.39, TSUS)". *See* accompanying opinion, 7 CIT 258, (1984). In the prior opinion, "this Court [was] compelled to find the President's designation of [such] flat goods * * * as eligible articles under the GSP was contrary to law, and the continued refusal to remove those products from the list of GSP eligible articles is similarly contrary to law". *Id.*

As this Court observed in its prior opinion, the GSP program is of great significance to our nation's international trade policy; and indeed, it is needless to say that this Court did not take lightly overturning a Presidential action under the program. However, having there concluded that the Presidential action directly contravened the plain meaning and legislative history of 19 U.S.C. § 2463(c)(1)(A), and considering the manifest injury to plaintiffs' members during some three year delay that had already occurred in plantiffs' efforts at the administrative level preceding judicial review, this Court regarded immediate relief for plaintiffs appropriate under the circumstances.

In support of their application for stay, defendants assert that immediate compliance with the Court's judgment would result in a loss of the Government's opportunity to appeal the Court's decision, "thereby depriving the defendants of their right to have an independent review by an appellate tribunal". Defendants' motion at 2. Accordingly, defendants seek a stay of the judgment to and including June 25, 1984 (45 days from the judgment of May 11, 1984) "to afford defendants with the opportunity to determine whether or not an appeal from this Court's decision and judgment of May 11, 1983 is warranted and to file an appeal, if it is determined that an appeal is warranted". *Id.* at 3. Alternatively, if defendants decide not to file an appeal, defendants seek a stay to June 25, 1984 which "will afford defendants with an opportunity to comply with the Court's judgment in an orderly manner". *Id.* In this connection, defendants' counsel submitted an unsworn representation to the Court on information, "that the removal of articles from the list of eligible articles must be effectuated by a Presidential proclamation and that it ordinarily takes at least two weeks to prepare the papers necessary for the publication of a Presidential proclamation". *Id.*

While defendants' application for stay is unsupported by an affidavit or other verified statement, defendants' application will not be rejected on that technical basis at this juncture inasmuch as an expeditious resolution is clearly indicated. Under Rule 62, the granting of the requested stay is within the discretion of the Court, and after careful consideration of the requisite factors,[1] the Court

---

[1] *See Virginia Petroleum Jobbers Ass'n* v. *Federal Power Comm'n,* 259 F.2d 921 (D.C. Cir. 1958); *Roses, Inc.* v. *United States,* 4 CIT 172 (1982).

holds that the Government's request for a stay to and including June 25, 1984 is warranted by the circumstances outlined above.

Plaintiffs concede that "some period of time is necessary to accomplish the necessary Executive Order [removing the subject goods from the GSP list of eligible articles]," and plaintiffs do not object to defendants' application if there is no further delay in implementing the Court's judgment after June 25, 1984. In essence, plaintiffs object to a stay that would permit defendants on June 26, 1984 to *commence* preparation of the necessary papers to implement the Court's judgment with an "open-ended" further delay in effectuating the relief sought by plaintiffs. This objection has merit.

As noted *supra,* defendants have informed the Court that the requested stay will enable defendants to comply with the Court's judgment. Therefore, defendant's motion for a partial stay is granted to and including June 25, 1984 to enable defendants to comply with the judgment, but no further stay will be allowed by this Court whether or not defendants decide to file an appeal.