**ALAMO AIRCRAFT SUPPLY, et al., Plaintiffs,**

v.

**Frank C. CARLUCCI, et al., Defendants.**

**Civ. A. No. 87–2247.**

United States District Court, District of Columbia.

Aug. 26, 1988.

James M. McHale, Joseph P. Convington, Brenda Gruss, Trisa J. Thompson, Seyfarth, Shaw, Fairweather and Geraldson, Grace Bateman, Washington, D.C., for plaintiffs.

Jay B. Stephens, U.S. Atty., John D. Bates, Wiilma A. Lewis, Asst. U.S. Attys., Washington, D.C., for defendants; Janet Cook, Roger B. Sabin, Alexandria, Va., Office for Contracting Integrity, Defense Logistics Agency, of counsel.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Plaintiffs were suspended as a government contractors on July 27, 1988, after defendants received notice of a July 12, 1988 indictment returned against Alamo, Wulfe and Robbins by a grand jury in the Western District of Texas.[1] They subsequently filed an complaint in this Court, requesting declaratory and injunctive relief restraining defendants from maintaining the suspension. Following a hearing, the Court issued a Temporary Restraining Order enjoining defendants from taking steps to suspend plaintiffs from contracting with the federal government until the District Court for the Western District of Texas or the Department of Defense holds a hearing and issues a decision on plaintiff's motion to suppress the evidence upon which the suspension is based. Currently before the Court is plaintiffs' motion for a preliminary

---

1. The indictment charges Alamo, Miles Robbins and Leon Wulfe with conspiracy to commit mail fraud and mail fraud during the period of June 1983 to February 1984.

injunction to continue in force the mandate of the soon-to-expire TRO.[2]

It is undisputed that the basis for plaintiffs' suspension is the indictment returned by the Texas grand jury, and that under relevant regulatory authority, an indictment may serve as adequate evidence for suspension. *See* FAR 9.407–2(b). The complaint does not allege that the Department failed to comply with its own regulations, but rather that it failed to comply with the federal wiretapping statute, 18 U.S.C. § 2510 *et seq.* Plaintiffs argue that, because the indictment is based primarily on evidence obtained from a wiretap the legality of which plaintiffs dispute, defendants were required prior to use of the indictment as grounds for suspension to provide them a hearing pursuant to 18 U.S.C. § 2518(10)(a).

In determining whether a preliminary injunction should issue, the Court must consider (1) the likelihood that plaintiffs will prevail on the merits; (2) irreparable harm likely to occur absent an injunction; (3) harm to other parties due to issuance of injunctive relief; and (4) the public interest in granting he injunctive relief requested. *Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921 (D.C.Cir.1958). A review of the law and facts of this case indicate that, on balance, equity demands that the injunction issue.

First, and most importantly, the Court finds that plaintiffs' likelihood of success on the merits, insofar as it relates to their right to obtain a hearing prior to suspension based on the allegedly illegal indictment, is high. 18 U.S.C. § 2515 provides that no evidence derived from a wiretap may be received in evidence in any proceeding before any department, officer, or agency, if disclosure of the information would be in violation of the wiretap statute. 18 U.S.C. § 2518(10)(a) provides for a hearing on a motion to suppress if it is alleged that such a violation is imminent, as follows:

(10)(a) Any aggrieved person, in any . . . proceeding in or before any . . . department, officer, [or] agency, . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, *or evidence derived therefrom,* on the grounds that—(i) the communication was unlawfully intercepted. . . . (emphasis added).

A communication will have been unlawfully intercepted if the basis of the wiretap authority was the fruit of a violation of the Fourth Amendment, as plaintiffs here allege. *See United States v. Giordano,* 416 U.S. 505, 526, 94 S.Ct. 1820, 1831, 40 L.Ed. 2d 341 (1974). The indictment on which defendants rely is being used as evidence in an agency proceeding, and the indictment plainly was derived from information obtained by wiretap; thus, the indictment falls within the reach of the statute. It follows that plaintiffs must be given the opportunity to challenge its validity prior to its use as a basis for suspension. Because defendants failed to provide them such an opportunity, it appears that the Department acted contrary to the law, and that plaintiffs will prevail on the merits.

The Court also finds that the balance of harms in this case tips in favor of plaintiffs. While the suspension sought by defendants would not interfere with Alamo's existing government contracts, or its contracts with non-governmental entities, it would clearly preclude Alamo from obtaining new government contracts as it otherwise routinely does. Regardless of whether Alamo could survive without these new contracts, there will still have been an irreparable harm to its business—*i.e.,* it will have foregone earnings on those contracts which it would have otherwise obtained. On the other hand, defendants would suffer minimal harm from Alamo's continuing participation as a contractor. There has been no allegation that Alamo is providing defective merchandise, or that it has failed adequately to fulfill its contracts. The only harm defendants cite is harm to the integrity of the contracting system, which, while a valid concern, hardly rises to the level of a constitutional guarantee. The Court finds that the interests raised by

---

**2.** Although the TRO technically expired on August 19, 1988, the parties by agreement extended its authority through and including August 26, 1988, so as to allow an opportunity to brief fully the present motion.

plaintiffs' constitutional challenge to their suspension must take precedence over other, lesser interests, and that therefore the potential harm to plaintiffs and to the public interest outweigh defendants' stated concerns.

This determination is strengthened by the fact that it is within defendants' unilateral power to terminate the injunction. All that is required is that plaintiffs be accorded a hearing in which to challenge the indictment's validity. Once a hearing and a determination as to the issues raised by that hearing are complete, the injunction will expire of its own weight. Defendants need not wait until the Texas court conducts a suppression hearing in the underlying criminal prosecution; they may schedule their own appropriate hearing at their earliest convenience and thereby limit the duration of the injunction.

For these reasons, it is this 26th day of August 1988

ORDERED that the defendants, their officers, agents, employees, attorneys, and all persons in active participation and concert with them, be and they are hereby directed to refrain from continuing the suspension of plaintiffs as government contractors until such time as a hearing and determination on a suppression motion pursuant to 18 U.S.C. § 2518(10)(a) has been made by the Department of Defense or the U.S. District Court for the Western District of Texas, whichever occurs earlier; provided that plaintiffs first give security in the sum of $1,000 for the payment of such costs and damages as may be incurred by any party who is found to have been wrongfully restrained. Security may be posted by personal check of plaintiffs' counsel; and it is further

ORDERED that service of this preliminary injunction upon counsel for defendants shall be deemed service upon defendants, their officers, employees, agents, and attorneys, and other persons in active participation with them.