**Victor D. COHEN, Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF THE AIR FORCE, Defendant.**

**Civ. A. No. 89–0359.**

United States District Court, District of Columbia.

Feb. 27, 1989.

Julian S. Greenspun, Washington, D.C., for plaintiff.

Mark Nagle, Washington, D.C., Roy Wuchitech, Dept. of the Air Force, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

The plaintiff was notified on January 24, 1989 of the defendant's intention to suspend him from his job indefinitely and without pay. The plaintiff seeks to enjoin the Air Force from suspending him without holding a hearing on the use of information derived from a court-ordered wiretap as part of the rationale for the suspension.

In deciding whether to grant an injunction, the Court must consider the four factors set forth in *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C.Cir.1958).

Considering the likelihood of success on the merits, the Court notes that Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2518(9) and (10), says that

> [a]ny aggrieved person in any ... proceeding in or before any court, department, officer, agency ... or other authority of the United States ... may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom....

■ Dr. Cohen's case falls under the plain meaning of this statute. Under Federal personnel law he is afforded a hearing before suspension. *See* 5 U.S.C. § 7543. The Court finds that such a personnel action is a "proceeding" within the coverage of Title III. According to the legislative history of Title III, " 'Proceeding' is intended to include *all adversary type hearings.*" S.Rep. No. 1097, 90th Cong., 2d Sess., 105 (emphasis supplied), U.S.Code Cong. & Admin.News 1968, p. 2112. The statute covers both criminal and civil proceedings. Therefore, plaintiff is entitled to move to suppress the wiretap before he can be suspended without pay.

■ The government argues that venue is improper because Cohen is suing the Air Force, which is located at the Pentagon, technically in Arlington, Virginia. However, the Court notes that the District of Columbia is a proper venue for suits against military defendants based in the Pentagon. *Mundy v. Weinberger*, 554 F.Supp. 811 (D.D.C.1982).

■ The government also argues that plaintiff has an adequate remedy at law because his suspension can be reviewed before the MSPB. However, the statute clearly gives plaintiff the right to challenge the use of the wiretap *before* action is taken against him.

In sum, the Court concludes that an injunction is appropriate, considering (1) plaintiff's likelihood of success on the merits, (2) the fact that allowing the suspension to go forward would cause him irreparable economic and reputational losses, (3)

that there would be minimal "harm to others" because he is no longer in a "sensitive" position, and (4) that the public interest would not be served by denying plaintiff his statutory right.

The remaining relief plaintiff seeks is premature: the statute does not authorize interference with criminal investigations and law enforcement. 18 U.S.C. § 2517. The relief granted in this Order is based on the statutory right invoked by plaintiff, and is granted solely in connection with the civil personnel action.

For these reasons, it is ORDERED that the defendant is enjoined from conducting suspension proceedings against the plaintiff unless plaintiff is given the opportunity, pursuant to 18 U.S.C. § 2518, to move to suppress the wiretap evidence in an Air Force personnel hearing.