MOTION TO STAY
WATKINS, Judge.
This matter is before the court on a motion to stay an Act 803 Certification issued by the Department of Environmental Quality (DEQ) permitting Witco Chemical Corporation (Witco) to dispose of hazardous waste through deep well injection. Ascension Parish Residents Against Toxic Pollutants (APRATP) filed an appeal of the certification and now seek to stay the execution of the certification pending appeal of this matter.
APRATP alleges that if hazardous waste is injected into Witco’s new well before the appeal is heard, the appeal will be rendered moot. APRATP contends that the injection of hazardous waste is irreversible and may cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating illness. APRATP points out that the legislature has called for strict scrutiny of all proposals for deep well injection of hazardous waste, and has granted DEQ the authority to allow such disposal only when “no other reasonable alternative exists.” LSA-R.S. 30:1141.1(D). It also notes that the secretary of the DEQ granted a stay that was in effect until the appeal was perfected.
According to Rule 3-1.3 Uniform Rules— Courts of Appeal, no appeal shall stay execution of the decision of the administrative body, unless provided by law or otherwise ordered by the Court of appeal.
The jurisprudence pertaining to stay orders is found in Summers v. Sutton, 428 So.2d 1121 (La.App. 1st Cir.1983), which states as follows:
The application for a stay order is to be determined by the court in the exercise of its discretion in light of the guidelines set forth in Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958), and adopted in the case of Division of Admin. v. Dept. of. Civil Service, 345 So.2d 67 (La.App. 1st Cir.1976). According to these guidelines, four factors should be considered by the court in determining whether or not adequate grounds exist for the granting of a stay order:
(1) Has the petitioner made a strong showing that he is likely to prevail on the merits?
(2) Has the petitioner shown that without such relief, he will sustain irreparable injury?
(3) Would the issuance of the stay order substantially harm other parties interested in the proceedings?
(4) Where does the public interest lie?
In the present case APRATP has made no showing, strong or otherwise, regarding whether or not it is likely to prevail on the merits. “Without a strong indication of probable success, there can be no basis for the court’s intrusion into the ordinary process of judicial review.” Summers, supra, at 1125.
Further, other than alleging the irreversibility of deep well injection and the well known dangers associated with hazardous waste disposal, the APRATP has made no showing that any particular harm will result from operation of the contested well *61 during the pendency of this appeal. We note that although deep well injection of hazardous waste is deemed irreversible, it is a legislatively approved method of disposal provided no other alternative method exists.
Based on the record before us, we are unable to determine whether the issuance of the stay will substantially harm other parties interested in the proceedings. In view of this we will base our decision on the three remaining factors set forth in Summers.
Finally, we must consider where the public interest lies. We are the first to recognize that the public interest is best served through a healthy environment free of hazardous chemicals. However, since the legislature has delegated the duty of protecting the environment to the DEQ to insure orderly and efficient investigations into possible environmental dangers, we must presume the public interest would be best served by maintaining the DEQ’s decision pending appeal.
For the reasons set forth, the APRATP’s motion to stay the Act 803 Certification is hereby denied.
MOTION TO STAY DENIED.