MOTION TO STAY
WATKINS, Judge.
This matter is before the court on a motion to stay an Act 803 Certification issued by the Department of Environmental Quality (DEQ) permitting Rubicon Incorporated to dispose of hazardous waste through deep well injection. Ascension Parish Residents Against Toxic Pollutants (APRATP) filed an appeal of the certification and now seek to stay the execution of the certification pending appeal of this matter.
APRATP alleges that Rubicon has already begun construction of its well, and that if hazardous waste is injected into the well before the appeal is heard, the appeal will be rendered moot. APRATP contends that the injection of hazardous waste is irreversible and may cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating illness. APRATP points out that the legislature has called for strict scrutiny of all proposals for deep well injection of hazardous waste, and has granted DEQ the authority to allow such disposal only when “no other reasonable alternative exists.” LSA-R.S. 30:1141.1(D). It also notes that the secretary of the DEQ granted a stay that was in effect until the appeal was perfected.
Rubicon filed an opposition to the motion for stay, contending that APRATP has neither alleged nor shown, through supporting affidavits, the necessary irreparable harm in order to justify a stay, pending appeal. In addition, Rubicon notes that DEQ made its determination concerning certification on October 5, 1987, and that APRATP’s petition for appeal was filed on December 5, 1987. It was not until June 21, 1988, that APRATP filed its motion for stay, after Rubicon expended considerable amounts on the construction of the well. Rubicon also points out that the well which is the subject of the instant appeal will be utilizing the same receiving formation, the same disposal site, and injecting the same type waste as are now being utilized in or injected into Rubicon’s three currently operating wells.
According to Rule 3-1.3 Uniform Rules—Courts of Appeal, no appeal shall stay execution of the decision of the administrative body, unless provided by law or otherwise ordered by the Court of Appeal.
The jurisprudence pertaining to stay orders is found in Summers v. Sutton, 428 So.2d 1121 (La.App. 1st Cir.1983), which states as follows:
The application for a stay order is to be determined by the court in the exercise of its discretion in light of the guidelines set forth in Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958), and adopted in the case of Division of Admin. v. Dept. of Civil Service, 345 So.2d 67 (La.App. 1st Cir.1976). According to these guidelines, four factors should be considered by the court in determining whether or not adequate grounds exist for the granting of a stay order:
(1) Has the petitioner made a strong showing that he is likely to prevail on the merits?
(2) Has the petitioner shown that without such relief, he will sustain irreparable injury?
(3) Would the issuance of the stay order substantially harm other parties interested in the proceedings?
(4) Where does the public interest lie?
In the present case APRATP has made no showing, strong or otherwise, regarding whether or not it is likely to prevail on the merits. “Without a strong indication of probable success, there can be no basis for the court’s intrusion into the ordinary process of judicial review.” Summers, supra, at 1125.
Further, other than alleging the irreversibility of deep well injection and the well known dangers associated with hazardous waste disposal, the APRATP has made no *65 showing that any particular harm will result from operation of the contested well during the pendency of this appeal. We note that although deep well injection of hazardous waste is deemed irreversible, it is a legislatively approved method of disposal provided no other alternative method exists. The fact that Rubicon has three identical wells already in existence, and the fact that in all probability the contested well is in operation at this date, leads this court to conclude that staying the execution of the DEQ certification will serve little purpose.
The court’s third consideration is whether the issuance of the stay will substantially harm other parties interested in the proceedings. Rubicon contends that the contested well is part of a plant expansion program which will employ 50 workers and provide construction work for 200 people. The discontinued use of the well would have an adverse effect on the plant’s operation, its customers and employees.
Finally, we must consider where the public interest lies. We are the first to recognize that the public interest is best served through a healthy environment free of hazardous chemicals. However, since the legislature has delegated the duty of protecting the environment to the DEQ to insure orderly and efficient investigations into possible environmental dangers, we must presume the public interest would be best served by maintaining the DEQ’s decision pending appeal.
For the reasons set forth, the APRATP's motion to stay the Act 803 Certification is hereby denied.
MOTION TO STAY DENIED.
MOTION TO CONSOLIDATE
This matter is before the court on a motion to consolidate three appeals from three separate Act 803 Certifications issued by the Department of Environmental Quality (DEQ).[1] In 1987, BASF, Rubicon Incorporated and Witco Chemical Corporation sought approval from the DEQ for the use of deep well injection for the disposal of hazardous waste at their plants. The DEQ approved the certification for each company, primarily because no alternatives to the deep well injection method existed. Appellant, Ascension Parish Residents Against Toxic Pollutants (APRATP) filed three separate appeals contesting the decisions of the DEQ to approve certification for deep well injection of hazardous waste by BASF, Rubicon, and Witco. In response, Rubicon filed an opposition to the motion for consolidation. Neither BASF nor Witco opposed the consolidation. Thereafter, APRATP filed a peremptory exception raising the objection of no right of action and a motion to dismiss Rubicon’s opposition to the consolidation based on the premise that Rubicon is not a party to the appeal. In an effort to be considered a party to the appeal, Rubicon filed a petition of intervention with this court.
APRATP’s motion to dismiss Rubicon’s opposition to its motion to consolidate is without merit. This appeal arises out of an Act 803 Certification which Rubicon applied for. Should this court alter the DEQ ruling in this matter it would directly affect Rubicon. Clearly, Rubicon is a party to this appeal with the right to participate herein. See In the Matter of BASF Corporation, Chemical Division, 533 So. 2d 971 (La.App. 1st Cir.1988). Accordingly, APRATP’s exception of no right of action is dismissed and Rubicon’s petition for intervention is denied.
We further find that, based on the factual differences involved in each certification, consolidation would be inappropriate. Accordingly, APRATP’s motion to consolidate is denied.
MOTION TO CONSOLIDATE DENIED.

. CA/88/0540, In the Matter of Witco Chemical Corporation Act 803 Certification; CA/88/0541, In the Matter of BASF Corporation Act 803 Certification; and 88 CA 0575, In the Matter of Rubicon Corporation Act 803 Certification.