# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2023

Lyle W. Cayce
Clerk

No. 22-20648

IN RE: TORONTO-DOMINION BANK,

*Petitioner*,

CONSOLIDATED WITH

No. 23-20033

IN RE: TORONTO-DOMINION BANK; INDEPENDENT BANK, FORMERLY KNOWN AS BANK OF HOUSTON; HSBC BANK, P.L.C.,

*Petitioners*.

Petitions for Writs of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-800

PUBLISHED ORDER

Before HIGGINBOTHAM, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:

"A writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary causes,'" justified only by "a showing of 'exceptional circumstances amounting to a judicial usurpation of power' or 'a clear abuse of discretion.'"[1] By the same token, "[a] stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'"[2] Both carry heavy burdens, particularly on the eve of trial.

This case is, at minimum, complex, featuring myriad fact-specific issues litigated over the course of nearly a decade and a half through multiple courts. Halting the litigation's momentum mere days before trial is set to begin would require indisputable clarity as to its necessity. Here, no such need is evident; assisted by able briefing and a review of the record, we are unpersuaded that either petition reaches the high demands of mandamus, or that the movant has satisfied the similar burden of staying the trial.

With the numerous legal issues arising from decisions in the MDL process and district court, we remind all parties that Rule 49 of the Federal Rules of Civil Procedure can mitigate risk of reversible error and cabin the reach of those rulings yet contested, which can best be determined with the illumination of trial.

The four most powerful words from the lips of a United States District Judge are simply "Call your first witness," and the veteran presiding judge

---

[1] *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)).

[2] *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations omitted) (first quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958); and then quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

will so state in a few short days. The consolidated petitions for mandamus are DENIED, and the motion to stay trial proceedings is DENIED.