Jeanie BLANKS, Petitioner,

v.

Roland FOWLER, t/a J. Edward Fowler and Son, Respondent.

No. 24548.

United States Court of Appeals, District of Columbia Circuit.

Nov. 13, 1970.

Mr. Richard B. Wolf, Washington, D. C., was on the petition and motion for petitioner. Mr. C. Christopher Brown, Washington, D. C., also entered an appearance for petitioner.

Mr. Herman Miller, Washington, D. C., entered an appearance for respondent.

Before FAHY, Senior Circuit Judge, and ROBINSON and ROBB, Circuit Judges, in Chambers.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

Respondent, the rental agent for petitioner's landlord, sued in the District of Columbia Court of General Sessions to regain possession of an apartment under lease to petitioner. Respondent's allegation that rent was due and unpaid—the basis for the suit—was countered by petitioner's answer claiming violations of the Housing Regulations,[1] and by her

1. Housing Regulations of the District of Columbia (1958), sometimes hereinafter cited "Housing Regulations." See Javins v. First Nat'l Realty Corp., 139 U.S. App.D.C. 369, 428 F.2d 1071 (1970);

Brown v. Southall Realty Co., 237 A.2d 834 (D.C.App.1968), appeal denied, No. 21,874 (D.C.Cir. July 16, 1968), cert. denied, 393 U.S. 1018, 89 S.Ct. 621, 21 L.Ed. 2d 562 (1969).

demand for a jury trial. Before trial was reached, however, respondent served on petitioner a notice to quit[2] and, when petitioner disregarded the notice, brought a second suit for possession. Petitioner alleged in defense that the notice to quit underpinning the second action came in retaliation for her assertion of housing code violations in the first.[3]

Respondent moved for a protective order, of the kind delineated in our recent *Bell* decision,[4] pending trial of the two cases.[5] The court, after an evidentiary hearing and upon a finding of substantial infringements of the Housing Regulations, framed a protective order requiring deposits in an amount beneath petitioner's monthly rent of $72.50. The order directed petitioner to pay $50.00 monthly into the registry of the court until trial, and provided that upon noncompliance "the defendant's pleadings shall be stricken and judgment for possession be entered in favor of the plaintiff."

Petitioner then applied to the District of Columbia Court of Appeals for a stay and a summary reversal of the protective order. When that court refused relief, petitioner brought before us a petition for allowance of a further appeal and a motion for concomitant stay. The Court of General Sessions has, in the meantime, entered a judgment awarding possession to the landlord, and we have stayed petitioner's eviction temporarily

to afford the opportunity for examination of and action upon petitioner's requests.

We would hesitate to exercise our certiorari-type jurisdiction[6] to review a ruling by the Court of Appeals involving no more than a debatable result reached upon a discretionary application of proper *Bell* criteria.[7] This case, however, does involve more: problems as to whether the Court of General Sessions, in resolving the issue over a protective order, improperly allocated the burden of proof, and improperly took into consideration factors at odds with *Bell*. The record lends support for the claim that the General Sessions Judge felt that a burden rested on petitioner to explain her past failures to make rent payments, rather than upon the landlord to show a need for pretrial protection.[8] The record also indicates that a lack of evidence as to petitioner's ability to pay the rent accruing to the end of the trial, in the event that she lost the case, may have entered into the *Bell* determination. In our view, the question whether these criteria harmonize with *Bell* is serious enough to counsel the allowance of an appeal[9] in order to insure consistency in *Bell* applications.[10]

We are persuaded, too, after engaging in the customary series of estimates,[11] to stay petitioner's eviction until decision of the appeal on the merits. Petitioner's chances of ultimate

2. See D.C.Code § 45–910 (1967).

3. See Edwards v. Habib, 130 U.S.App. D.C. 126, 397 F.2d 687 (1968), cert. denied, 393 U.S. 1016, 89 S.Ct. 618, 21 L. Ed.2d 560 (1969).

4. Bell v. Tsintolas Realty Co., 139 U.S. App.D.C. 101, 430 F.2d 474 (1970).

5. By order of the Court of General Sessions, the cases were consolidated for trial.

6. See Rule 1, Rules Governing Review of Cases from the District of Columbia Court of Appeals (1968). See also Fields v. District of Columbia, 131 U.S.App.D.C. 346, 404 F.2d 1323 (1968).

7. See Bell v. Tsintolas Realty Co., supra note 4, 139 U.S.App.D.C. at 112, 430 F. 2d at 485.

8. See *id.* at 485.

9. Our jurisdiction is clear. See Cooks v. Fowler, 141 U.S.App.D.C. —— at ——, 437 F.2d 669 at 672, decided today.

10. Cases wherein the Court of Appeals "has decided a question of substance * * * in a way probably not in accord with applicable decisions of this court" present occasions appropriate for allowance of an appeal. Rule 1(a), Rules Governing Review of Cases from the District of Columbia Court of Appeals (1968).

11. See, *e. g.,* Virginia Petroleum Jobbers Ass'n v. FPC, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958).

success, though perhaps not the best, are hardly the worst, and the balance of hardship favors her side. Her defenses to each of the two lawsuits have been stricken, and she faces imminent eviction from her apartment.[12] A stay of eviction pending appeal, particularly one conditioned by a protective order, could hardly hurt the landlord, who plans not to remedy the substantial housing violations which the General Sessions Judge found, but rather to withdraw the apartment from the housing market.[13] And certainly the public interest favors a hearing and verdict by a jury on petitioner's claim and the comforts of a home in the meantime.[14]

We believe, however, that here, as in Cooks v. Fowler,[15] decided today, our stay should be conditioned by a safeguard for the landlord.[16] True it is that here, unlike in *Cooks*, the landlord has not, at least as yet, won a judgment on the merits, but the situation we confront does not differ otherwise. As in *Cooks*, the appeal we allow petitioner involves as its subject a protective order; the present question, as in *Cooks*, relates to "our own protective order pending an appeal which is testing another protective order." [17] In *Cooks*, we identified a special reason for making such an order in that case:

> We do not now decide inflexibly for the future just when and precisely under what conditions protective orders

pending appeal are proper. The issues developing in that connection undoubtedly will loom large in the decision of the appeal on the merits, an area into which we, as a motions panel, do not unnecessarily intrude. Rather, we confine our treatment to the propriety of some provisional arrangement for this case until the merits panel can formulate the standards to govern protective orders for landlords while their tenants are pursuing appeals. And in so limiting ourselves, we remain sensitive to an obligation in the interim to abide our past precedents validating such orders in appropriate circumstances.[18]

The same reason dictates our conclusion here. A merits panel in *Cooks* will set the criteria governing future protective orders pending appeal.[19] As a motions panel, we defer to that event,[20] and restrict ourselves to an arrangement of the type we have used in the past. The parties will be free, of course, to seek modification of our order should the merits decision in *Cooks* present an occasion therefor.

The task remaining, then, is ascertainment of the sum to be deposited —"[t]he reasonable occupancy value of the premises in 'as-is' condition" [21]—and in this connection the record lends the assistance necessary. The transcript of the hearing in the Court of General Sessions discloses unwholesome conditions

---

12. Compare Cooks v. Fowler, *supra* note 9, 141 U.S.App.D.C. at ——, 437 F.2d at 673.

13. These intentions are stated in an affidavit the landlord filed in the District of Columbia Court of Appeals. See, however, note 19, *infra*. As we did in Cooks v. Fowler, *supra* note 9, at ——, 437 F. 2d at 674, n. 25, we leave the possible contradiction for the merits panel.

14. Compare Cooks v. Fowler, *supra* note 9, at ——, 437 F.2d at 673.

15. *Supra* note 9.

16. See also Edwards v. Habib, 125 U.S. App.D.C. 49, 366 F.2d 628 (1965).

17. Cooks v. Fowler, *supra* note 9, 141 U. S.App.D.C. at ——, 437 F.2d at 673. Thus we distinguish the question whether the pretrial protective order appealed from is right or wrong; that is for the merits panel.

18. *Id.* at ——, 437 F.2d at 675 (footnotes omitted).

19. Should the landlord's need be a factor, a question we do not decide, it is claimed here. But see note 13, *supra*, and accompanying text.

20. Although petitioner's motion for stay also requests a summary reversal, she does not meet the heavy burden imposed upon such an undertaking. See Cooks v. Fowler, *supra* note 9, at ——, 437 F. 2d at 675, n. 32.

21. *Id.* at ——, 437 F.2d at 676.

in petitioner's apartment, but also that the General Sessions Judge took them into account in fixing the deposit required by his protective order. The judge set the amount at $50.00, a reduction of nearly a third from the monthly rent of $72.50. Whatever may eventuate when this appeal is decided on the merits, our scrutiny of the data presented at the hearing dissuades us from rejecting the $50.00 figure as the amount our own interim protective order should require.

We grant petitioner's appeal and extend our temporary stay of eviction into a stay pending this court's decision thereon. Our stay will be conditioned upon deposits of $50.00 monthly into the registry of the Court of General Sessions. The payments so required will be for the period commencing on July 28, 1970, the date of that court's protective order, and continuing, unless modified, until disposition of the appeal. The first payment will become due 15 days after the order accompanying this opinion, and will include the aggregate then accrued to the end of the 15-day period. The disposition of the fund created by the payment is, of course, a matter for the merits panel.[22]

So ordered.

---

22. For the reasons expressed in Cooks v. Fowler, *supra* note 9, at ——, 437 F.2d at 676 n. 39, we now formally deny respondent's motion to require petitioner to pay rent to the landlord or to post a supersedeas bond pending decision on the petition for appeal. The respondent and landlord here are the same as in *Cooks*.