Jeanie BLANKS, Appellant,

v.

Roland FOWLER, t/a J. Edward Fowler and Son, Appellee.

No. 24548.

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 1971.

Stay vacated, Dec. 2, 1971.

---

**1284**

Before FAHY, Senior Circuit Judge, and ROBINSON and ROBB, Circuit Judges, in Chambers.

PER CURIAM:

Last November 13, we allowed an appeal in this landlord-tenant litigation and granted conditionally a stay of appellant's eviction pending disposition of the appeal.[1] Appellant now moves for clarification, and alternatively for enlargement, of our order relative to the stay.[2] A new dispute between the parties casts doubt upon the correctness of our original assumption that we had set forth the intendment and scope of the stay provision plainly enough.[3] The dispute indicates, too, some misunderstanding as to the procedural stance in which our action of November 13 left this case.

In the interest of settling the present controversy and the several questions it has spawned, we now elucidate these matters more extensively than we had previously deemed necessary. To promote full understanding of the current problem and its resolution, we begin with a chronicle of the relevant events leading up to it.[4]

**I**

On December 3, 1969, appellee filed suit in the District of Columbia Court of General Sessions seeking repossession of appellant's apartment on an allegation of nonpayment of rent. That suit was designated Civil Action No. L & T 111498–69. Appellant answered, claiming violations of local housing regulations and demanding a jury trial, and the case was

Mr. C. Christopher Brown, Washington, D. C., was on the motion for appellant.

Mr. Herman Miller, Washington, D. C., was on the response for appellee.

1. Blanks v. Fowler, 141 U.S.App.D.C. 244, 437 F.2d 677 (1970).

2. We had previously stayed appellant's eviction temporarily to enable study of an action upon the petition for allowance of the appeal and the accompanying motion for a stay pending appeal. *Id.* at 245, 437 F.2d at 678. For reasons stated in our opinion, we decided to grant the appeal "and extend our temporary stay of eviction into a stay pending this court's decision thereon." *Id.* at 247, 437 F.2d at 680. Our order of November 13 accordingly provided that the earlier order "granting a temporary stay of eviction

is hereby extended into a stay pending this Court's decision of the appeal or until further order of this Court." The November 13 order conditioned the extended stay upon monthly deposits into the registry of the District of Columbia Court of General Sessions, as specified in the opinion. See *id.* at 247, 437 F.2d at 680.

3. See note 2, *supra.*

4. In Part I, we recapitulate the pre-appeal events, and in Part II the events on and after the appeal. In Part III we discuss the problem at hand.

placed on the jury calendar. After a skirmish over interrogatories lasting three months, appellee, on June 4, 1970, moved for the protective order discussed in our prior opinion.

On June 9, while the motion remained pending, appellee brought a second suit for possession, Civil Action No. L & T 51879–70, alleging noncompliance with a notice to quit. Appellant's answer thereto charged a retaliatory motive and, like her answer in the first suit, demanded a jury trial. Appellee then moved for consolidation of the two actions, and on June 30, over appellant's opposition, the motion was granted and the "case" was certified for jury trial.[5] Thereafter, notwithstanding the consolidation, the dockets respectively established as the two suits were filed were maintained separately under their original numbers, with the results hereinafter noted.

At the point of consolidation, no action had been taken on the motion seeking the protective order, which had been filed in No. L & T 111498–69, the first suit. On July 22, three weeks after the consolidation, that motion came on for a hearing, at the conclusion of which the judge announced that the motion would be granted. On July 28, the judge filed an order directing appellant to pay $50 monthly into the registry of the court "until the trial of this case on the merits," and further providing that "upon failure by the defendant to comply with this order, the defendant's pleadings shall be stricken and judgment for possession be entered in favor of the plaintiff." The order bore in its caption No.

L & T. 111498–69,[6] and it was entered only on the docket for that case.

## II

On August 6, appellant filed a notice of an appeal to the District of Columbia Court of Appeals. The notice identified, as the single subject of the appeal, the protective order of July 28.[7] As originally prepared, the caption of the notice contained the civil action numbers of both cases. However, each typed-in number was, obviously later, lined through and No. L & T 111498–69 was written above in longhand. It is averred in explanation, and not denied, that a clerk of the court told appellant's trial counsel that only one number could be put on the notice of appeal. The notice was entered only on the docket of No. L & T 111498–69.

Appellant thereafter moved the District of Columbia Court of Appeals for a stay and for summary reversal of the protective order. The motions were denied on August 13. As the order of the Court of Appeals makes clear, it properly treated the motions as referable to the protective order only.[8]

Appellant then presented to this court a petition for allowance of an appeal and a motion for an emergency stay of eviction pending appeal. Both the petition and the motion specified the protective order as their subject. On August 17, we granted a temporary stay of eviction to enable us to become more fully advised as to the facts through supplemental memoranda from the parties, and to consider and act upon the petition and motion.[9] On November 13, we allowed

5. No formal order of consolidation appears in the record. In relevant part, the docket entry made in No. L&T 51879–70, reads: "Motion to consolidate filed by Plaintiff—granted. Wherefore, this case is consolidated with L&T 111498–'69. . . . Case certified to jury calendar."

6. The typed-in reference in the caption to No. L&T 51879–70 was lined through and No. 111498–69 substituted in longhand.

7. The notice particularized that the appeal was taken "from the order [of the Court of General Sessions] entered on the 28

day of July, 1970." Examination of the dockets in Nos. L&T 111498–69 and L&T 51879–70 reveals that entry of the protective order was the sole entry under that date.

8. The order refers specifically to "appellant's motion for stay of the trial court's rent deposit order and for summary reversal. . . ."

9. This was done contemporaneously with our consideration and decision of Cooks v. Fowler, 141 U.S.App.D.C. 236, 437 F.2d 669 (1970).

the appeal, and converted the temporary stay into a stay pending decision of the appeal or until this court's further order.[10] The stay was conditioned upon security deposits by appellant into the registry of the Court of General Sessions, as set forth in our opinion.[11] The record, as far as it goes, demonstrates appellant's compliance with the condition.[12]

On August 18—the day following entry of the temporary stay order—the Court of General Sessions, on appellee's motion, made an order striking appellant's pleadings and awarding appellee a judgment for possession. The order recites, as its sole basis, that the protective order of July 28 had not been obeyed. The order was captioned under the number of the second suit, No. L & T 51879–70, and was entered on the docket for that case.[13] Subsequently, a writ of restitution issued on the judgment, and it remains outstanding.[14]

### III

■ We now address the current problem and, with the facts defining it placed in proper prospective, the solution, we think, is quite simple. The bone of contention between the parties is the protective order entered by the Court of General Sessions. Appellant has resisted that order from the very beginning, and since its entry has sought its reversal on appeal. Her notice of appeal unequivocally specified the protective order, and only that order, as the subject of the appeal,[15] and no default in perfecting the appeal appears. That clearly sufficed to bring the protective order up for appellate review,[16] whatever the case number under which the protective order and notice of appeal were captioned, and whatever the case docket in which they were entered.[17] It was with respect to the protective order that the District of Columbia Court of Appeals refused action,[18] and the appeal we allowed is limited to review of that order.[19]

■ In at least some degree, it seems, the parties' dispute was engendered by misunderstanding as to just what our action of November 13 was. We repeat that we then allowed an appeal merely to enable review of the protective order entered by the Court of General Sessions. The procedures respecting case numbering and docketing

---

10. See note 2, *supra*.

11. Blanks v. Fowler, *supra* note 1, 141 U.S.App.D.C. at 247, 437 F.2d at 680.

12. The record shows that appellant has deposited $250, the aggregate accruing through November 28, 1970. The record before us was transmitted prior to December 28.

13. We note that the order erroneously designates the apartment occupied by the appellant in Cooks v. Fowler, *supra* note 9, rather than the apartment occupied by the appellant in the case at bar.

14. Very commendably, counsel for appellee withheld execution of the writ of restitution while the present phase of the litigation remained under advisement.

15. See note 7, *supra*, and accompanying text.

16. See D.C.Ct.App.R. 16 (1970), with which the notice strictly complied. Thus the jurisdiction of the District of Columbia Court of Appeals and, ultimately, of this court over the Court of General Sessions' protective order was assured.

17. It appears to have been appellee's theory that since only No. 111498–69 appeared on the notice of appeal, the appeal was taken only in that case, thus leaving untouched No. 51879–70 and the judgment for possession entered therein. As our recital of the events discloses, see Parts I and II, *supra*, there has been considerable uncertainty as to the case number under which the suit papers were to be filed and docketed. More importantly, as we have stated, the appeal involves the Court of General Sessions' protective order, and nothing else in either case, but to preserve appellant's possession and our continuing jurisdiction of the appeal, our stay extends to any eviction of appellant bottomed on noncompliance with the protective order.

18. See note 8, *supra*, and accompanying text.

19. See Blanks v. Fowler, *supra* note 1, 141 U.S.App.D.C. at 246, 437 F.2d at 678.

 

pursued in that court become unimportant when it is recognized that no other phase of the parties' litigation is encompassed by the appeal.[20] We also granted a stay to prevent appellant's eviction pending this court's resolution of the appeal, and simultaneously provided security for the landlord by conditioning the stay upon monthly deposits by appellant. Thus we fashioned "our own protective order pending an appeal which is testing another protective order." [21]

We had thought it evident from our previous opinion and order that the purpose of our stay was to safeguard appellant against eviction while the protective order was under review. We had thought it was equally evident that the stay was of any eviction in consequence of noncompliance, past or future, with the protective order entered by the Court of General Sessions. We take this opportunity to now make that clear. A violation of our own protective order conditioning the stay would, of course, open the door to dissolution of the stay, and that in turn could pave the way to her eviction. But appellant, thus far at least, has complied with our order, and her sought-after eviction because of her failure to respond to the Court of General Sessions' protective order would be inconsistent with our stay.

We grant the motion for clarification and clarify our earlier opinion and stay order as set forth herein.[22]

So ordered.

20. Since nothing in the docket entry respecting consolidation, see note 5, *supra*, suggested that the consolidation was not for all purposes, it was our view earlier, see Blanks v. Fowler, *supra* note 1, 141 U.S.App.D.C. at 245, 437 F.2d at 678, that what before had been two suits in the Court of General Sessions were by the act of consolidation merged into one— for possession, grounded both on alleged nonpayment of rent and alleged noncompliance with the notice to quit, each with appellant's defenses coupled to the phase to which they were respectively asserted. On that premise, we could only assume, when the matter was previously before us, that the court's protective order extended to a single consolidated case. That reading is strengthened by the fact that although the motion for the protective order was filed in No. L&T 111498–69, the first suit, the judgment for possession on account of failure to respond to that or-

der was entered in No. L&T 51879–70, the second suit.

We now realize, in the light of additional information, that what may have been intended was only a consolidation for purposes of joint trial of the two cases, and the parties apparently have taken that view. In any event, for reasons stated in text, neither of our dispositions—earlier or now—is affected by the nature of the consolidation.

21. Blanks v. Fowler, *supra* note 1, 141 U.S.App.D.C. at 246, 437 F.2d at 678, quoting Cooks v. Fowler, *supra* note 9, 141 U.S.App.D.C. at 240–241, 437 F. 2d at 673–674.

22. On appellant's motion, we expedite the briefing schedule and advance the date for oral argument of the appeal. An early disposition will obviously benefit both sides.