**Jeanie BLANKS, Appellant,**

**v.**

**Roland A. FOWLER, t/a J. Edward Fowler and Son, Appellee.**

**No. 24548.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 11, 1971.

Decided Dec. 2, 1971.

---

Mr. C. Christopher Brown, Washington, D. C., with whom Mr. Richard B. Wolf, Washington, D. C., was on the brief, for appellant.

Mr. Herman Miller, Washington, D. C., for appellee.

Before FAHY, Senior Circuit Judge, and ROBINSON and ROBB, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

For review on the merits is the protective order entered by the District of Columbia Court of General Sessions, now the Superior Court of the District of Columbia, in this untried landlord-tenant controversy. Our prior opinions herein [1] canvass the series of events from which the order emerged and the

---

1. Blanks v. Fowler, 141 U.S.App.D.C. 244, 437 F.2d 677 (1970), supplemental opinion, 147 U.S.App.D.C. 215, 455 F.2d 1283 (1971).

occasion for this court to reexamine it. In a word, the order requires the tenant-appellant to make monthly deposits into the registry of the court pending trial of two lawsuits which are counterparts of those described in *Cooks II*,[2] decided today. The questions for decision evolve from appellant's contention that in several respects it does not comport with the guidelines established for pretrial protective orders by our *Bell* decision.[3] Upon careful consideration of this claim, we conclude that the order must stand.

Appellant concedes that in goodly measure the order meets *Bell* requirements, both substantively and procedurally. The landlord filed a written motion seeking such an order and after due notice a full evidentiary hearing was conducted.[4] The parties were indulged freely in testimonial and documentary presentations, and in cross-examination of opposing witnesses,[5] and the court thoughtfully articulated its factual and legal determinations.[6] The order fixed the amount of the monthly deposits, not at the $72.50 specified in appellant's lease as rent, but at $50.00.[7] It limited appellant's obligation to the period following entry on the order,[8] and directed payment into court rather than to the landlord.[9] Like appellant, we find no fault with these aspects of the court's ruling.

■ Appellant's attack centers rather upon other features and forerunners of the order. It is argued that the landlord[10] did not carry the burden of demonstrating "an obvious need for such protection,"[11] a *Bell* precondition to a pretrial protective order. Our attention is directed to the evidence at the hearing showing that the 15-unit building in which appellant's apartment is located was mortgage-free and had a productive capability of $13,500 in annual gross rent. But the evidence also disclosed that at the time of the hearing about a third of the units were vacant, and that the landlord was financially unable to absorb an operating deficit that was more than $3,300[12] and was still mounting. That, we think, was sufficient.[13]

■ Appellant also points to the physical condition of her apartment as a basis for criticizing the amount of the deposits the order demands. As *Bell* declares, "[e]ven if the landlord has adequately demonstrated his need for a protective order, the trial judge must compare that need with the apparent merits of the defense based on housing code

2. Cooks v. Fowler, 148 U.S.App.D.C. ——, ——, 459 F.2d 1271 (1971).

3. Bell v. Tsintolas Realty Co., 139 U.S. App.D.C. 101, 430 F.2d 474 (1970).

4. See *id.* at 106, 110, 430 F.2d at 479, 483. *Cf.* Cooks v. Fowler, *supra* note 2, —— U.S.App.D.C. at ——, 459 F.2d 1275–1276.

5. See Cooks v. Fowler, *supra* note 2, 148 U.S.App.D.C. ——, ——, 459 F.2d 1275–1276; Bell v. Tsintolas Realty Co., *supra* note 3, 139 U.S.App.D.C. at 111–112, 430 F.2d at 484–485.

6. *Cf.* Cooks v. Fowler, *supra* note 2, 148 U.S.App.D.C. at ——, 459 F2d 1274–1275.

7. See Bell v. Tsintolas Realty Co., *supra* note 3, 139 U.S.App.D.C. at 111, 430 F.2d at 484.

8. See *id.* at 106–110, 430 F.2d at 479–483.

9. See *id.* at 106, 430 F.2d at 479.

10. Appellee, the landlord's rental agent, was the plaintiff in each of the two lawsuits.

11. Bell v. Tsintolas Realty Co., *supra* note 3, 139 U.S.App.D.C. at 111, 430 F.2d at 484.

12. Appellant owed $652.50 in back rent at the time of the hearing.

13. We are mindful of the seeming inconsistency between the landlord's claim of need and her declared intention to remove appellant's apartment from the housing market. See Blanks v. Fowler, *supra* note 1, 141 U.S.App.D.C. at 246, 437 F.2d at 679. However, the contradictions, if any, developed after the matter had left the trial court, and it is the order of that court that we review. More fundamentally, a problem of this sort should be addressed in the trial court initially. Since protective orders are subject to reopening and revision for good cause at any time, the path is clear for doing so.

violations." [14] And "a lesser amount" than the stipulated rent "would be desirable" as the protective deposit "when the tenant makes a very strong showing that the condition of the dwelling is. in violation of Housing Regulations norms." [15] As appellant states, the court found that there were uncorrected infractions of the Housing Regulations and apparently it deemed them substantial. But we are no more able than the court to say on the evidence that the infractions were so severe as to completely negate appellant's rent obligation.[16] Moreover, the record reveals the careful consideration the court gave to the nonconforming conditions, and on their account the court set the protective deposits at the considerably reduced figure of $50.00. We remain unpersuaded that we should interfere with that determination.

Appellant also adverts to several other events as indications of departures from *Bell*. During the course of the hearing, the court expressed interest in an explanation by appellant as to her ability to pay rent and as to the reasons she was not doing so. In stating its conclusions, the court observed that it "would have liked to have heard [appellant] testify with regard to what I believe to be an important purpose of a protective order, can the tenant meet an obligation if and when the time comes."

The court also voiced "concern[] about the lack of any evidence as to the tenant's ability to pay at any time," and later alluded to "some burden on a tenant to explain why [she does not] pay some rent. . . ." By reason of these transpirations, appellant contends that the court erroneously imposed a burden of proof upon her. We think, however, that the court's statements may well have reflected only a legitimate desire to obtain maximum information bearing upon the need for an order affording the landlord security against possible future financial loss. We agree that the burden of demonstrating need is the landlord's,[17] but we are unable to perceive any shifting of the burden here or any material consequence that the events complained of could have had on that score.

Indulging the court appropriate leeway in the exercise of a highly discretionary function, we affirm the protective order under review. We vacate our stay pending this appeal and remand the matter to the Superior Court to enable it to apply to appellant's liability for deposits under that order her accumulated deposits pursuant to our own protective order, and to take such other action as may serve the interest of doing justice to the parties.[18]

So ordered.

14. Bell v. Tsintolas Realty Co., *supra* note 3, 139 U.S.App.D.C. at 111, 430 F.2d at 484.

15. *Id.*

16. See Cooks v. Fowler, *supra* note 2, 148 U.S.App.D.C. at ——, 459 F.2d at 1274. See also Javins v. First Nat'l Realty Corp., 138 U.S.App.D.C. 369, 380–381, 428 F.2d 1071, 1082–1083, cert. denied, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970).

17. See Bell v. Tsintolas Realty Co., *supra* note 3, 139 U.S.App.D.C. at 110–111, 430 F.2d at 483–484.

18. This disposition contemplates dissolution of the court's order striking appellant's pleadings and awarding appellee a judgment for possession, and envisions recall of the writ of restitution that shortly followed. Each was based upon noncompliance with the court's protective order while appellant sought to subject it to appellate review, and each issued after we had stayed appellant's eviction, though apparently prior to receipt of notice of our action. Our protective order pending this appeal required $50.00 monthly deposits as the trial court's pretrial protective order did, and was made retroactive to the effective date of the last-mentioned order. Since, so far as we are advised, appellant has complied fully with our order, and since we direct application of her accumulated deposits on the trial court's order, the goal of the latter should thereby be realized to date.