537 F.2d 819
 4 O.S.H. Cas.(BNA) 1511, 1976-1977 O.S.H.D. ( 21,026
 TAYLOR DIVING & SALVAGE CO., INC., et al., Petitioners,
v.
U.S. DEPARTMENT OF LABOR, William J. Usery, Jr., Secretary
of Labor; and Morton Corn, Assistant Secretary of
Labor for Occupational Safety and
Health, Respondents.
 No. 76--2886.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 11, 1976.
 
 Stanley R. Strauss, Michael J. Bartlett, Washington, D.C., Michael J. Molony, Jr., Milling, Benson, Woodward, Hillyer & Pierson, Joseph E. LeBlanc, Jr., New Orleans, La., for petitioners.
 William J. Kilberg, Sol., U.S. Dept. of Labor, Allen H. Feldman, Asst. Counsel, Appellate Litigation, Washington, D.C., for respondents.
 Victor H. Hess, Jr., New Orleans, La., Robert J. Pleasure, Washington, D.C., for United Brotherhood of Carpenters & Joiners of America and American Federation of Labor & Congress of Industrial Organizations.
 J. Albert Woll, Washington, D.C., for American Federation of Labor, et al.
 Petition for Review of an Order of the Occupational Safety and Health Review Commission (Louisiana Case).
 Before CLARK, GEE and HILL, Circuit Judges.
 
 BY THE COURT:
 
 1
 Presently before the Court is (1) a petition on behalf of appellants for a stay of the effective date of certain Emergency Temporary Standards (ETS) for diving operations, signed and entered June 9, 1976, by the Assistant Secretary for Occupational Safety and Health, Department of Labor (the 'Secretary'), and published in Volume 41, No. 116 of the Federal Register on June 15, 1976; (2) a motion on behalf of the United Brotherhood of Carpenters and Joiners of American to intervene in support of appellee; and (3) a similar motion to intervene on behalf of the American Federation of Labor-Congress of Industrial Organizations.
 
 
 2
 The motions to intervene are hereby granted. The Clerk is directed to file the joint opposition brief of the intervenors tendered to the Court. It has been considered by the Court on the motion to stay.
 
 
 3
 The motion to stay the ETS pending appeal is hereby granted.
 
 
 4
 The order from which this appeal is taken was entered by the Secretary in his declared exercise of the extraordinary powers contained in Section 6(c) of the Occupational Safety and Health Act of 1970 (the 'Act').[1] The Act is a comprehensive delegation by the Congress to the Secretary of power to issue regulations having the force and effect of law governing occupational practices related to safety and health in entire industries. The Act prescribes procedures to be followed prior to the publication of regulations. Those procedures include notice, hearing and other attributes of due process. However, conceiving that certain emergency situations might arise which would preclude the use of the entire panoply of due process procedures, Section 6(c) of the Act[2] was included to permit the Secretary to issue without notice or hearing Emergency Temporary Standards to be effective for no more than six (6) months.[3] The authority of the Secretary to act under this subsection is questioned by appellants in this appeal. Envisioning a likelihood of success on the merits, appellants seek a stay of the emergency standards.[4]
 
 
 5
 The extraordinary powers granted to the Secretary in Section 6(c) of the Act 'should be delicately exercised, and only in those emergency situations which require it.' Florida Peach Growers Association v. United States Department of Labor, 489 F.2d 120, 129--130 (5th Cir. 1974) (footnote omitted). This Court has investigated, to the extent reasonably possible on the issue of a stay, the underlying facts asserted to have been relied upon by the Secretary in determining that he should proceed on an emergency basis authorized by Section 6(c). While we acknowledge that the ultimate determination must be made in the decision on the substantive appeal, we conclude that appellants' prospects of prevailing on the merits are good.
 
 
 6
 Appellants also show danger of irreparable harm with respect to certain requirements of the ETS. Appellee's assertion that such harm might be avoided by the ultimate and uncertain grant of variances from the standards,[5] or by appellants' successful defense against a citation by proof of impossibility of compliance,[6] appears too uncertain to justify the denial of a stay.[7] We are mindful of the guidelines established for the grant of a stay pending appeal.[8] By these measures appellants are entitled to relief. The prospects of safeguarding all valid interests by a stay order tailored to selected provisions of the ETS resulting in the most significant hardships were explored in conference with counsel and all agreed that such an approach would be impractical in this case.
 
 
 7
 Of course, nothing in this order constitutes a decision on the merits of the appeal. More emphatically, nothing in this order is to be taken as an expression by the Court that appropriate safety standards, presumably after full proceedings contemplated by Section 6(b) of the Act, would not be appropriate for this industry. The contrary rather clearly appears.
 
 
 
 [1]
 29 U.S.C.A. § 651 et seq
 
 
 [2]
 29 U.S.C.A. § 655(c)
 
 
 [3]
 Section 6(c) provides:
 (1) The Secretary shall provide, without regard to the requirements of chapter 5 of Title 5, for an emergency temporary standards to take immediate effect upon publication in the Federal Register if he determines (A) that employees are exposed to grave danger from exposure to substances or agents determined to be toxic or physically harmful or from new hazards, and (B) that such emergency standard is necessary to protect employees from such danger.
 (2) Such standard shall be effective until superseded by a standard promulgated in accordance with the procedures prescribed in paragraph (3) of this subsection.
 (3) Upon publication of such standard in the Federal Register the Secretary shall commence a proceeding in accordance with subsection (b) of this section, and the standard as published shall also serve as a proposed rule for the proceeding. The Secretary shall promulgate a standard under this paragraph no later than six months after publication of the emergency standard as provided in paragraph (2) of this subsection.
 
 
 [4]
 The Court on July 14, 1976, granted a temporary stay through and including August 14, 1976, to permit full consideration. The parties have furnished, on a necessarily foreshortened schedule, comprehensive briefs to assist the Court, and on August 4 counsel met in conference with two of the judges on this panel and the issues herein were fully and constructively explored and developed
 
 
 [5]
 See U.S.C.A. § 655(d)
 
 
 [6]
 See U.S.C.A. § 658
 
 
 [7]
 Indeed, the proffer of these possibilities of extraction from irreparable harm demonstrates the inherently unsatisfactory nature of such emergency procedures. Presumably, after full hearing provides for under Section 6(b) of the Act, standards can be promulgated which will not include requirements impossible of compliance and the realistic timing of compliance required in other areas can obviate the need for multiple, temporary variances
 
 
 [8]
 It is, of course, well settled that in order to obtain a stay pending appeal the applicants must demonstrate (1) a substantial likelihood that they will prevail on the merits; (2) that they will suffer irreparable harm if the stay is denied; (3) that issuance of a stay will not substantially harm other parties to the proceeding; and (4) that issuance of the stay will not interfere with the public interest. Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958); see Permian Basin Area Rate Cases, 390 U.S. 747, 773, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968); Canal Authority of the State of Florida v. Callaway, 489 F.2d 567, 572--573 (5th Cir. 1974); see also Allison v. Froehlke, 470 F.2d 1123, 1126 (5th Cir. 1972)