No. 91-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

| | |
|---|---|
| ARLENE BRACKMAN, RN, | License No. RN 06169; |
| MARY MOUAT, RN, | License No. RN 07358; |
| DEBBIE RUGGLES, RN, | License No. RN 17406; |
| RUTH SASSER, RN, | License No. RN 18738; |
| VERNA VanDUYNHOVEN, RN | License No. RN 18699; |
| LYNN ZAVALNEY, RN | License No. RN 08577; |

Petitioners and Respondents,

-vs-

BOARD OF NURSING, an Administrative Agency of the Department of Commerce, State of Montana,

Respondent and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert J. Emmons, Emmons & Sullivan, Great Falls, Montana;   Steven J. Shapiro, Special Assistant Attorney General, Helena, Montana.

For Respondent:

Gary L. Davis, Luxan & Murfitt, Helena, Montana.

FILED

NOV 21 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: November 12, 1991

Decided: November 21, 1991

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Board of Nursing (Board) appeals from an order of the District Court for the First Judicial District, Lewis and Clark County, granting a stay of enforcement of the administrative order entered in this matter, pending judicial review. We affirm.

Two issues raised by the Board are dispositive. They are:

1. Must the petitioners and respondents formally apply to the Board for a stay of its final order before a stay may be sought in the District Court?

2. Did the District Court abuse its discretion by issuing an order staying enforcement of the Board's order pending judicial review?

The Board is charged with administrative responsibility for issuing, revoking, and suspending licenses of registered nurses in Montana. Title 37, Chapter 8, MCA. Petitioners and respondents are registered nurses who the Board determined violated certain federal statutes and Montana statutes and administrative rules while they were employed in the Hospice Department of St. Peter's Community Hospital, Inc., in Helena, Montana, during the years 1989 and 1990.

This matter was heard by a hearing examiner contracted by the Board on April 15 through 17, 1991. The Board met to consider the matter on May 8, 1991, and reconvened on May 29, 1991, after adjourning to review the entire record. The Board rejected the

2

findings and conclusions of its hearing examiner. On June 28, 1991, based on its review of the record, the Board issued its own findings of fact, conclusions of law, and a final order placing the nursing licenses of petitioners and respondents on probation for periods ranging from three to five years. On July 2, 1991, the petitioners and respondents petitioned for judicial review in District Court. Simultaneously, they moved for a stay of enforcement of the Board's final order, with supporting affidavits.

The District Court immediately granted an ex parte temporary restraining order and set a show cause hearing for July 12, 1991. At that hearing, petitioners and respondents filed updated affidavits in support of their motion for a stay. After hearing argument, the District Court made oral findings and conclusions and signed an order staying enforcement of the Board's action until judicial review is completed. The Board appeals.

I

Must the petitioners and respondents formally apply to the Board for a stay of its final order before a stay may be sought in the District Court?

This argument is based on the requirement that administrative remedies must be exhausted before judicial relief may be pursued. Section 2-4-702(1)(a), MCA. The Board argues that the District Court should have deferred to the expertise of the Board and

3

allowed the Board to consider the motion for a stay before entering its own ruling on the motion.

The Board concedes that petitioners and respondents moved for an order to delay the effective date of the Board's order at the end of the last hearing before the Board. The order later issued by the Board did not include such a delayed effective date or even refer to that request. While, technically, the Board may be correct that there was no formal request for a stay pending judicial review, we conclude that requiring a formal motion to the Board after it issued its final order would be elevating form over substance. We hold that petitioners and respondents were not required to again apply to the Board for a stay before they could make the same request to the District Court.

II

Did the District Court abuse its discretion by issuing an order staying enforcement of the Board's order pending judicial review?

A person who has exhausted all administrative remedies and who is aggrieved by a final decision of an administrative agency may petition for judicial review under §§ 2-4-701 through -711, MCA. Section 2-4-702(3), MCA, provides:

> Unless otherwise provided by statute, the filing of the petition shall not stay enforcement of the agency's decision. The agency may grant or <u>the reviewing court may order a stay upon terms which it considers proper,</u>

4

following notice to the affected parties and an opportunity for hearing. [Emphasis supplied.]

The Board argues that this Court should adopt the standards set forth in Virginia Petroleum Job. Ass'n v. Federal Power Comm'n (D.C. Cir. 1958), 259 F.2d 921, to guide a district court's exercise of discretion under § 2-4-702(3), MCA. The petitioners and respondents argue that the standards governing the issuance of preliminary injunctions, set forth at § 27-19-201, MCA, apply, and that they have been met. The Board points out, however, that under § 27-19-303(2)(b), MCA, an injunction may not be based upon affidavits "upon information and belief." The Board argues that the first set of affidavits filed by petitioners and respondents addressed what they believed the Board's final order would contain, and thus were "upon information and belief."

Standards for judicial review of certain aspects of administrative decisions are specifically set forth under § 2-4-704, MCA, but the consideration of a motion for stay pending judicial review is not one of the areas listed there. No authority is cited for the idea that the standards for issuing preliminary injunctions apply. The legislature has not seen fit to limit the discretion of the district courts in deciding motions for stays under § 2-4-702(3), MCA. We decline to adopt the suggested restrictions upon the discretion of district courts in deciding such motions.

5

In deciding the motion for a stay, the District Court had before it the petition for judicial review; two sets of affidavits of each of the petitioners and respondents; and the findings, conclusions, and order of the Board. The court also heard the arguments of counsel. Near the end of the hearing on the motion for a stay, the District Court stated:

> [I]t is my inclination to extend the stay unless -- unless there is a danger that the nurses are going to commit the same conduct that is specifically addressed in the board's order, the findings of fact and conclusions of law, and it is my feeling that because of the public scrutiny that everybody is under now with respect to this particular case, that it is highly unlikely that the nurses are going to engage in the conduct that is the specific issue that is specifically addressed by this Board's order.

The court then asked if counsel for the Board had anything to support the argument that there was a genuine danger that the nurses would continue with the same conduct that was addressed in the Board's order. The Board presented no argument on that aspect. We hold that it has not been shown that the District Court abused its discretion in issuing the stay pending judicial review.

The Court stresses that this matter is before us on procedural issues only. Although it is not raised as an issue, because of our ruling that the statutes on injunctions do not apply, technically no appealable order has been entered. The merits of the case are not now before this Court, nor have they yet been considered by the District Court. Review of the record on its merits will take place

6

in further proceedings, as part of the judicial review to which petitioners and respondents are entitled.

The order granting a stay of execution of the Board's order pending judicial review is affirmed.

_____
J. A. Turnage
Chief Justice

We concur:

_____
John Conway Harrison

_____
William E. Hunt, Sr.

_____
Karla M. Gray

_____
R. J. Weber

_____
Fred J. Trieweiler

_____
P. C. McDonough
Justices