Michael H. HOLLAND, et al., Plaintiffs,

v.

FRANK V. CARLOW IRREVOCABLE TRUST, et al., Defendants.

Civ. A. No. 96–1448–LFO.

United States District Court, District of Columbia.

Dec. 3, 1997.

a result of surgery. Complaint at ¶¶ 43–44, 48–49.

Larry D. Newsome, Associate General Counsel, Jonathan Sokolow, Assistant General Counsel, Office of the General Counsel, Washington, DC, for Plaintiffs.

John R. Woodrum, W. Gregory Mott, Heenan, Althen & Roles, Washington, DC, Gary W. Short, Pittsburgh, PA, for Defendants.

OBERDORFER, Senior District Judge.

### *MEMORANDUM*

Currently pending are two motions filed by plaintiffs: a motion for default judgment and a motion for a preliminary and permanent injunction freezing the assets of defendant Frank V. Carlow Irrevocable Trust ("Trust"). For the reasons stated below and pursuant to a colloquy with counsel on December 2, 1997, the former will be denied and the latter will be granted in part.

### I.

Since January of this year, when their cross notions for summary judgment were denied, the parties have been engaged in a lengthy discovery dispute. Although the evidence on the record in January was insufficient to support a summary judgment, Frank Carlow—the principal trustee of defendant Trust—refused to participate in any further discovery. On July 30, 1997, an Order denied his blanket assertions of a Fifth Amendment privilege from self-incrimination and directed defendant Trust to answer plaintiffs' document requests and interrogatories. Defendant's continued failure to do so prompted plaintiffs to file their Motion for Judgment by Default Pursuant to F.R.Civ.P. 37(b)(2)(C) on October 10.

The underlying discovery dispute has since been resolved. On October 14, trustee Anna Carlow completed and served responses to plaintiffs' January 3 interrogatories. On October 15, defendant Trust reportedly provided the remaining documents in its possession that were sought by plaintiffs. On November 5, after an earlier refusal to comply with the July 30 Order, *see* Pls.' Mot. for Default J., Ex. B, Frank Carlow finally consented to a search of Trust files held by the U.S. Attorney's office in Pittsburgh in connection with his criminal prosecution. Plaintiffs' counsel conducted that search on November 13, and is now awaiting photocopies of certain documents to submit on the record.

The temporary restraining orders entered on November 5 and November 14 and the preliminary injunction entered in the accompanying order adequately address the other impetus for plaintiffs' motion for default judgment—their concern that the Trust is actively secreting its assets to circumvent an adverse judgment. In short, events have superceded plaintiffs' justifications for a default judgment. Accordingly, their first motion will be denied.

### II.

On November 5, during a hearing on their default judgment motion, plaintiffs filed a motion for a temporary restraining order to freeze Trust assets for ten days. That motion was granted on November 5, and the restraining order was renewed through December 3, 1997 on November 14. Currently pending is Plaintiffs' Motion ... to Issue a Preliminary and Permanent Injunction, Freezing the Assets of the Frank V. Carlow Irrevocable Trust, which seeks to extend the injunction until the resolution of the merits of

this case and plaintiffs' collection of judgment.

■ To prevail on their motion for a preliminary injunction, plaintiffs must demonstrate 1) a substantial likelihood of success on the merits; 2) that they would suffer irreparable injury if the injunction is not granted; 3) that an injunction would not substantially injure other interested parties; and 4) that the public interest would be furthered by the injunction. *See CityFed Financial Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C.Cir.1995). In support of their position, plaintiffs advance the same argument they have used in their motions for default judgment and temporary restraining orders: namely, that defendant Trust's intentional delay of discovery and efforts to secrete its assets threaten to render any eventual judgment in this case uncollectible.

■ Under the first prong of the preliminary injunction standard, plaintiffs have demonstrated a substantial likelihood that they will ultimately prevail in this case. The only matter in dispute is whether defendant Trust, a parent entity for a series of successive shell companies which are liable to plaintiffs for failing to contribute to their pension fund, shares that liability as a "trade or business" under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1382, 1383(a) (1994). In its opposition to a preliminary injunction, defendant Trust notes that a "trade or business" "must be involved in . . . activity with continuity and regularity and . . . [the] primary purpose for engaging in the activity must be for income or profit." *Commissioner v. Groetzinger,* 480 U.S. 23, 35, 107 S.Ct. 980, 987, 94 L.Ed.2d 25 (1987), *quoted in* Defs.' Opp. to Pls.' Mot. for Prelim. Inj., at 5; *see also Connors v. Incoal, Inc.,* 995 F.2d 245, 250–51 (D.C.Cir.1993) (applying *Groetzinger* standard to "trade or business" provision in ERISA).

Under that standard, plaintiffs make the requisite showing to support a preliminary injunction. The January 7 Memorandum and Order denied plaintiffs' motion for summary judgment in part because there was insufficient evidence to determine whether the transfer of several million dollars from the Trust to its subsidiary SME Industries constituted business dealings for profit or passive investments. *See* Mem. of Jan. 7, 1997, at 6–7. By defendant's own interrogatory responses, it is now evident that the Trust loaned this money, with the expectation it would be repaid with interest. *See* Def.'s . . . Supp. Resp. to Pls.' 1st Set of Interrogs. Answer No. 15. Moreover, there is evidence that these transactions were regular and continuous from 1992 to 1994, the period that plaintiffs' employer was wholly owned by the Trust's subsidiaries and before it incurred withdrawal liability from the pension fund. *See, e.g.,* Frank Carlow Dep., Sept. 16, 1994, at 15–16, 56–58, *in* Pls.' Opp. to Def's Mot. Summ. J., Ex. 17. Defendant also does not contest that the Trust leased its Florida condominium in 1996 and that individuals other than the trustees resided there in 1993, facts from which it is reasonable to infer the Trust was engaged in other business dealings during the same 1992–1994 period.

Second, plaintiff has demonstrated the potential for irreparable injury, namely that defendants will be judgment-proof in the near future if no preliminary injunction is entered. Defendant Trust contests this point by citing case law that disapproves of injunctive relief when "adequate compensatory or other corrective relief will be available at a later date . . ." *Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921, 925 (D.C.Cir. 1958); *see also Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C.Cir.1985) ("Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business."). Yet, plaintiffs' motion is premised precisely on the reasonable fear that a compensatory judgment would become worthless if the Trust were not enjoined as here. In other words, there is a real likelihood that plaintiffs will have no adequate relief available at a later date.

One need only look to defendant's corporate holdings to understand this point. Plaintiffs' employer, Tunnelton Mining Co., was never a party defendant in this case because it was the subject of involuntary

bankruptcy proceedings when the complaint was filed. Its parent company, Mon Valley Steel Co., was dismissed as a defendant for the same reason. Although judgment was entered against Mon Valley's parent (and wholly owned subsidiary of defendant Trust), SME Industries, on January 7, it is reasonable to infer that SME is without any assets. See Pls.' Mot. for Default J., at 2 n. 1. There is persuasive evidence that Frank Carlow consciously shifted assets between these entities in the past based on his own conception of business necessity. *See, e.g.,* Dep. of Frank Carlow, Oct. 19, 1995, at 27, *in* Pls.' Opp. to Def.'s Mot. Summ. J., Ex. 18. Tellingly, defense counsel does not dispute plaintiffs' recent allegations that the Trust now endeavors to shift its own assets. These facts all suggest the real potential for irreparable harm.

Third, while the failure to enter a preliminary injunction would irreparably harm plaintiffs, the entry of an injunction would not substantially injure or unduly prejudice defendant or the Carlows. To the extent that such an injunction would inhibit the transfer of even the Carlows' personal property held by the Trust, plaintiffs are correct to observe that Frank Carlow's initial decision to place all his joint holdings in irrevocable trust is the root of their difficulties now. Moreover, ever since the temporary restraining order was first entered on November 5, defendant could and can petition for specific exemptions from the injunction when it finds bona fide purchasers for its assets and provides appropriate safeguards for plaintiffs' claim on the proceeds. Plaintiffs' counsel fully supports this invitation, and is actively negotiating with the U.S. Attorney in Pittsburgh now to transfer Trust property in Pennsylvania as restitution for his criminal acts.

Finally, the public interest will be served by the entry of a preliminary injunction. There is no dispute in this case that plaintiffs' employer Tunnelton underfunded plaintiffs' pension fund under ERISA by approximately $4,000,000. It is now settled that other shell corporations owned in common with Tunnelton share in that liability, yet none hold assets that would satisfy it. Given the potential that the Trust will otherwise dispose of its assets, the injunction is necessary to ensure even the possibility that plaintiffs can ever recover for the pension fund they represent and their former colleagues at Tunnelton the money to which they are indisputably entitled. This is precisely the scenario contemplated by Congress in passing ERISA and the Multiemployer Pension Plan Amendment Act of 1980, 29 U.S.C. §§ 1001–1461.

Consequently, an accompanying order will grant plaintiffs' motion for a preliminary injunction and take under advisement pending the final disposition of this case their motion for a permanent injunction.

## *ORDER*

For reasons stated in the accompanying Memorandum and pursuant to a colloquy with counsel on December 2, 1997, it is this 2nd day of December 1997 hereby

ORDERED: that plaintiffs' Motion for Judgment by Default Pursuant to F.R.Civ.P. 37(b)(2)(C) is DENIED; and it is further

ORDERED: that plaintiffs' Motion ... to Issue a Preliminary ... Injunction, Freezing the Assets of the Frank V. Carlow Irrevocable Trust [44–2] is GRANTED; and it is further

ORDERED: that the Carlow Trust, its trustees—Frank V. Carlow, Marie Carlow, and Anna Carlow—its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, are preliminarily enjoined from selling, conveying, transferring, giving or otherwise disposing of any Trust assets without prior leave during the pendency of this lawsuit and until further order of this Court; and it is further

ORDERED: that plaintiffs shall continue to post with the Clerk of the Court during the duration of this preliminary injunction a security bond in the amount of $100,000 for "the payment of such costs and damages as may be incurred or suffered by" defendant or other persons restrained by this Order. Fed.R.Civ.P. 65(c). Withdrawal of such a bond will automatically terminate the obli-

gations of persons enjoined by this Order; and it is further

ORDERED: that defendant Frank V. Carlow Irrevocable Trust may, at any time, petition the Court for relief from the requirements of this preliminary injunction for approval of payment of reasonable attorneys' fees and to permit the bona fide sale, conveyance, or the disposition of any asset, if it provides that the proceeds of such sale, conveyance, or disposition will be held in escrow pending the disposition of this lawsuit; and it is further

ORDERED: that plaintiffs' Motion ... to Issue a ... Permanent Injunction, Freezing the Assets of the Frank V. Carlow Irrevocable Trust [44–3] is taken under advisement pending the disposition of this lawsuit; and it is further

ORDERED: that a status conference to discuss the further administration of this case is scheduled for *Wednesday, January 7, 1998 at 10:00 am in Courtroom 3.*