In re Frederick P. GRESS, II,
Nancy F. Gress, Debtors.

No. 09–60306.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 8, 2010.

Crystal I. Zellar, Zellar & Zellar, Attorneys at Law, Inc., Zanesville, OH, for Debtor.

### ORDER ON SECOND MOTION FOR STAY OF EXECUTION PENDING APPEAL

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter is before the Court on the second Motion for Stay of Execution Pending Appeal ("Second Motion"), filed by Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust Series 2005–NCI Asset Backed

Pass–Through Certificates ("Deutsche") (Doc. # 60).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## I. Background.

The Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on September 8, 2009. In November 2009, Deutsche filed or caused to be filed an Amended Certificate of Satisfaction in the Guernsey County, Ohio Recorder's Office, resulting in the resurrection of a previously released mortgage and creating an encumbrance on property of the estate. This action was taken without leave of this Court and in violation of the automatic stay imposed by § 362 of the Bankruptcy Code. On April 10, 2010, this Court issued an Order directed to Deutsche (Doc. # 44) (the "Order to Show Cause"), instructing Deutsche to appear and show cause why it shouldn't be held in contempt for willful violation of the automatic stay.

On May 20, 2010, this Court held a hearing on the Order to Show Cause, at which Deutsche's counsel stated, "My client should not have filed that after the stay, it was a mistake. . . ." See Hr'g Tr. 7: 20, May 20, 2010 (Doc. # 63). He further stated, "[M]y client, I know, would certainly be happy to go and file whatever document needs to be filed. . . . Whatever it takes in terms of correcting the record to eliminate that corrective release my client will certainly do so. . . ." Hr'g Tr. 8:4–5, 12–14, May 20, 2010. On June 30, 2010, this Court entered an Order finding that Deutsche had willfully and intentionally violated the automatic stay imposed by 11 U.S.C. § 362 (Doc. # 51) (the "Sanctions

Order"). The Sanctions Order imposed sanctions, including instructions to Deutsche to file a copy of the Sanctions Order in the public records which would serve to void the mortgage on the property of the estate.

Deutsche has timely appealed the Sanctions Order. Deutsche filed its first Motion for Stay of Execution Pending Appeal on July 14, 2010 (Doc. # 55). That motion was denied on the merits, for failure to articulate a basis for the stay.[1] *See* Order on Motion for Stay of Execution Pending Appeal, July 21, 2010 (Doc. # 58). Deutsche has now filed the Second Motion seeking the same relief.

## II. Discussion.

> *A. Deutsche Fails to Illustrate that the Order on Motion for Stay of Execution Pending Appeal Entered July 21, 2010 Was Error.*

When a court decides a motion on the merits, and the movant follows with a second motion seeking the same relief, it should be treated as a motion for reconsideration under Fed. R. Bankr.P. 9023 and Fed.R.Civ.P. 59. *See, e.g., Pettigrew v. Rapelje,* 2008 WL 4186271 (E.D.Mich. 2008). Rule 9023 states simply, "Except as provided in this rule . . . Rule 59 F.R. Civ. P. applies in cases under the [Bankruptcy] Code. A motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr.P. 9023. There are no standards for filing of such a motion set forth in Bankruptcy Rule 9023 or Civil Rule 59; however, the courts have established four grounds for a motion to alter or amend a judgment: (1) an intervening change in the controlling law; (2)

---

1. Deutsche also failed to give notice to parties in interest of the right to object to the Motion

and the twenty-one (21) days within which to do so, required by Local Bankr.R. 9013-3.

newly discovered evidence; (3) to correct clear legal error; and (4) to prevent manifest injustice. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). *See also* 12 Moore's Federal Practice ¶ 59.30[5][a] p. 59–110 (3d ed. 2009). Deutsche has not shown that there is any basis for reconsideration of the Order denying its first Motion for Stay of Execution Pending Appeal. Therefore, on this basis alone, the Court may deny the Second Motion, but Deutsche fails on the merits of the Second Motion as well.

*B. Deutsche Fails to Illustrate that a Stay Pending Appeal is Warranted.*

■ Bankruptcy Rule 8005 authorizes a stay pending appeal upon motion by a party in interest. It is well established in this circuit that this Court must weigh the following when considering a motion for a stay pending appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *In re Smithers*, 2005 WL 4030095, *1, 2005 Bankr.LEXIS 2899, *3–4 (Bankr.S.D.Ohio 2005).

■ It is unlikely that Deutsche will prevail on the merits. Deutsche admitted that it had violated the automatic stay and stated that it would do "whatever it takes in terms of correcting the record to eliminate" the impact of its actions. Under such circumstances, the Court is hard pressed to envision that the appellate court will reverse this Court's Sanctions Order. Deutsche points out that avoidance of a mortgage must be accomplished by way of an adversary proceeding pursuant to Fed.

R. Bankr.P. 7001. This is typically true. However, Deutsche fails to recognize that this Court may fashion an appropriate remedy when a party engages in willful violation of the automatic stay. In this instance, not only did Deutsche *offer* to fix the result of its mistake, but so directing Deutsche to undertake those steps was a proper remedy for Deutsche's contempt. As stated by the Sixth Circuit Court of Appeals,

> The movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

*Mich. Coalition*, 945 F.2d at 153 (internal citations omitted). Deutsche has not shown that there are serious questions going to the merits of the appeal.

■ Deutsche asserts that it will be irreparably harmed absent a stay because without the stay, its mortgage would be eliminated and the Debtors might sell the property. This reasoning belies the pendency of the Chapter 13 case: the Debtors are prohibited from selling their assets during the term of the case without notice to all creditors and approval of this Court. The Debtors have elected to retain the property, as illustrated by their Chapter 13 Plan. However, in the event that they elect to sell the subject property before Deutsche's appeal is concluded, Deutsche can object and appropriate measures could be imposed to protect any interest or potential interest that Deutsche may have in the sale proceeds. Again the Sixth Circuit Court of Appeals has provided guidance on this point:

> In evaluating the harm that will occur depending upon whether or not the stay

is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Ohio ex rel. Celebrezze,* 812 F.2d at 290 (citing *Cuomo,* 772 F.2d at 977). In evaluating the degree of injury, it is important to remember that "the key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 104 U.S.App. D.C. 106, 259 F.2d 921, 925 (D.C.Cir. 1958)). In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. *See Wisconsin Gas Co. v. Federal Energy Regul. Comm'n,* 244 U.S.App.D.C. 349, 758 F.2d 669, 674 (D.C.Cir.1985). In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again. *Mich. Coalition,* 945 F.2d at 154. Deutsche has not shown that any potential injury is irreparable or that harm is likely, certain and immediate, rather than speculative or theoretical.

■ Conversely, others will be harmed if the Court grants the stay: although Deutsche requests only a stay of the Sanctions Order, not a stay of continued prosecution of this case, the result of a stay is to postpone confirmation of the Debtors' Chapter 13 Plan. The Plan is premised on the avoidance of the mortgage improperly re-perfected by Deutsche. A stay of the Sanctions Order necessarily impedes the progress of the Debtors' Plan toward confirmation. Resolution of an appeal typically takes the greater part of a year. In the interim, Debtors live in uncertainty and creditors do not receive plan payments.[2] During the period before confirmation, the Debtors do not receive interest for their funds deposited into the Plan account, nor do unsecured creditors receive interest on their claims. Secured creditors risk deterioration in the value of their collateral. Deutsche fails to describe any benefit to be derived from a stay pending appeal, other than maintaining the status quo. The Court is unable to discern how maintaining the status quo benefits any party in interest, including Deutsche, but assuming that a stay does inure to Deutsche's benefit, it is outweighed by the detriment suffered by other parties in interest due to the delay in confirmation of the Plan.

■ Finally, the public interest is both furthered and hindered by a stay pending appeal. Deutsche posits that a stay pending appeal preserves the integrity of the public records of the Guernsey County Recorder's Office, in that Deutsche's mortgage will remain intact during the appeal, and therefore the public interest is served. Preservation of the public records is certainly important. The public relies on the Recorder's Office to maintain accurate and complete records relating to real estate located in the County. On the other hand, the public interest is also promoted by (1) prompt redress when federal statutory law

---

**2.** "[T]he debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount ... proposed by the plan to the trustee.... A payment made ... shall be retained by the trustee until confirmation or denial of confirmation." 11 U.S.C. § 1326(a)(1), (2).

is violated, and (2) expedient confirmation of chapter 13 plans, with prompt payment to creditors pursuant to the confirmed plan, as envisioned by Congress when it crafted Chapter 13 of the Bankruptcy Code. The failure of Deutsche to illustrate that the other criteria for a stay are met outweighs any public interest promoted by a stay pending appeal. Thus, Deutsche has failed to make a showing that a stay pending appeal is warranted. Accordingly, it is

ORDERED that the second Motion for Stay of Execution Pending Appeal filed by Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust Series 2005–NCI Asset Backed Pass–Through Certificates is **DENIED.**

IT IS SO ORDERED.